

FILED & ENTERED

NOV 30 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:    MyLife.com Inc.,<br>Debtor. | Case No.: 2:22-bk-14858-ER<br>Chapter:   11<br><br>**MEMORANDUM OF DECISION GRANTING DEBTOR'S MOTION TO STAY LITIGATION AS TO NON-DEBTOR DEFENDANT JEFFREY TINSLEY**<br><br>**[RELATES TO DOC. NO. 29]**<br><br>Date:      November 28, 2022<br>Time:      10:00 a.m.<br>Location:  Courtroom 1568<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

At the above-captioned date and time, the Court conducted a hearing on the *Motion for Order Extending the Automatic Stay to Non-Debtor Defendant to Litigation* [Doc. No. 29] (the "Motion") filed by MyLife.com Inc. (the "Debtor").[1] For the reasons set forth below, the Motion is **GRANTED**.

---

[1] The Court considered the following pleadings in adjudicating this matter:
  1) Motion for Order Extending the Automatic Stay to Non-Debtor Defendant to Litigation [Doc. No. 29] (the "Motion");
      a) Notice of Rescheduled Hearing on Debtor's Motion for Order Extending the Automatic Stay to Non-Debtor Defendant to Litigation [Doc. No. 33];
  2) The United States of America's Response to the Debtor's Motion for Order Extending the Automatic Stay to Non-Debtor Defendant to Litigation [Doc. No. 37]; and
  3) Reply in Support of Motion for Order Extending the Automatic Stay to Non-Debtor Defendant to Litigation [Doc. No. 41] (the "Reply").

## I. Facts and Summary of Pleadings

The Debtor filed a voluntary Chapter 11 petition on September 2, 2022 (the "Petition Date"). Jeffrey Tinsley ("Tinsley") is the Debtor's CEO and Chairman and holds a 56.2% interest in the Debtor.[2] The Debtor operates a website that allows subscribers to run background checks on individuals.

### A. Prepetition Events

*1. The Rancourt Action*

On December 14, 2020, David Rancourt ("Rancourt") filed a complaint against the Debtor and Tinsley (the "Rancourt Complaint") in a Florida state court. On January 4, 2021, the Debtor and Tinsley removed the Rancourt Complaint to the United States District Court for the Northern District of Florida (the "Florida District Court").[3] On January 22, 2021, Rancourt filed a First Amended Complaint in the Florida District Court.[4] The Rancourt Complaint alleges that the Debtor's website contains false and defamatory statements about Rancourt, and asserts claims for negligence, libel, and defamation against the Debtor and Tinsley.

On March 16, 2021, upon the motion of the Debtor and Tinsley[5] and over the opposition of Rancourt,[6] the Florida District Court entered an order referring Rancourt's claims to mandatory arbitration.[7] Trial in the arbitration is set for March 2023.

*2. The FTC Judgment*

In 2017, the Federal Trade Commission (the "FTC") began investigating the Debtor's business dealings. On October 19, 2021, the District Court for the Central District of California (the "California District Court") entered partial summary judgment in favor of the FTC (the "Summary Judgment").[8] On December 15, 2021, the District Court for the Central District of California (the "California District Court") entered a stipulated consent order (the "Consent Order," and together with the Summary Judgment, the "FTC Judgment")[9] against the Debtor and Tinsley. The Consent Order imposes a judgment of approximately $29 million against the Debtor, a judgment of approximately $5 million against Tinsley, and injunctive relief against the Debtor and Tinsley.

### B. The Debtor's Motion to Extend the Scope of the Automatic Stay to the Rancourt Action

The Rancourt Action has been stayed as to the Debtor but has not been stayed as to Tinsley. The Debtor moves for an order extending the scope of the automatic stay in the Rancourt Action to Tinsley. The Debtor argues that an extension of the stay is necessary because (1) a judgment against Tinsley in the arbitration would effectively constitute a judgment against the Debtor, since Rancourt asserts the same claims against both Tinsley and the Debtor; (2) the Debtor will be distracted from its reorganization efforts if Tinsley is required to devote substantial time and

---

[2] Statement of Financial Affairs [Doc. No. 36] at ¶ 28.
[3] Case No. 4:21-cv-00002-MW-MAF.
[4] Doc. No. 7, Case No. 4:21-cv-00002-MW-MAF (N.D. Fla.).
[5] Doc. No. 9, Case No. 4:21-cv-00002-MW-MAF (N.D. Fla.).
[6] Doc. No. 12, Case No. 4:21-cv-00002-MW-MAF (N.D. Fla.).
[7] Doc. No. 16, Case No. 4:21-cv-00002-MW-MAF (N.D. Fla.).
[8] Doc. No. 179, Case No. 2:20-cv-06692-JFW-PD (C.D. Cal.).
[9] Doc. No. 204, Case No. 2:20-cv-06692-JFW-PD (C.D. Cal.).

effort to defending against the Rancourt Action; and (3) a judgment against Tinsley in the Rancourt Action could trigger Tinsley's indemnification rights against the Debtor, which would give rise to an additional claim against the estate.

Rancourt did not file an opposition to the Motion. The FTC filed a reservation of rights with respect to the Motion. The FTC takes no position with respect to the Debtor's request to extend the automatic stay to Tinsley in the Rancourt Action. The FTC maintains that the FTC Judgment is excepted from the automatic stay pursuant to § 362(b)(4), and argues that any order extending the scope of the automatic stay must be narrowly tailored to the Rancourt Action so that such an order does not interfere with the FTC's efforts to enforce the FTC Judgment.

The Debtor argues that the FTC's reservation of rights should be disregarded because the Motion does not seek any relief related to the FTC.

## II. Findings of Fact and Conclusions of Law

"Section 105(a) gives the bankruptcy courts the power to stay actions that are not subject to the 11 U.S.C. § 362(a) automatic stay but 'threaten the integrity of a bankrupt's estate.'" *Indivos Corp. v. Excel Innovations, Inc., Ned Hoffman (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1095 (9th Cir. 2007). The standard governing issuance of a preliminary injunction also applies to issuance of a § 105 injunction, except that in lieu of showing a likelihood of success on the merits, the debtor "must show a reasonable likelihood of a successful reorganization." *Id.* A § 105 injunction should "not be granted lightly," *id.*, and the time in which such an injunction remains in effect may not extend beyond the confirmation of a Chapter 11 plan, *id.*[10]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). Even subsequent to *Winters*, a preliminary injunction may issue "where the likelihood of success is such that 'serious questions going to the merits [are] raised and the balance of hardships tips sharply in [plaintiff's] favor,'" *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011), provided that the plaintiff "also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," *id.* at 1135.

For the reasons set forth below, the Court finds that the Debtor has demonstrated that it is entitled to the issuance of a § 105 injunction staying the Rancourt Action as to Tinsley.

//

//

---

[10] Unpublished cases issued within the Ninth Circuit have held that the automatic stay may be extended to actions against a non-debtor where "unusual circumstances" cause the interests of the debtor and the non-debtor defendant to be inextricably interwoven. *See, e.g.*, *Zurich Am. Ins. Co. v. Trans Cal Assocs.*, No. 2:10-cv-01957-WBS, 2011 WL 6329959, at *2 (E.D. Cal. Dec. 16, 2011); *PNC Bank, Nat'l Ass'n v. Smith*, No. 2:10-cv-1916-JAM-EFB PS, 2014 U.S. Dist. LEXIS 46163, at *1-2 (E.D. Cal. Mar. 31, 2014). However, as explained in *Excel Innovations*, reliance upon the "unusual circumstances" doctrine as an independent basis for issuance of § 105 injunction is error, "because the 'unusual circumstances' doctrine does not negate the traditional preliminary injunction standard." *Excel Innovations*, 502 F.3d at 1096. Therefore, in determining whether issuance of a § 105 injunction is appropriate, the Court applies the preliminary injunction standard, not the "unusual circumstances" doctrine.

*A. The Debtor Has Shown a Reasonable Likelihood of a Successful Reorganization*

According to its Statement of Financial Affairs, the Debtor's business operations generated approximately $14.59 million in gross revenue between January 1, 2022 and the Petition Date.[11] As of the Petition Date, the Debtor had sixteen full-time employees.[12] The Debtor's October 2022 Monthly Operating Report indicates that during the first two months of the case, the Debtor generated a cumulative profit of $38,192[13] on revenue of $759,510.[14]

The bankruptcy filing was precipitated by the Debtor's failure to make timely payments of the amounts owed under the Consent Order, not by operational problems with the Debtor's business. Given that the Debtor continues to operate a business that has generated meaningful revenue and even a small profit during the first two months of the case, the Court finds that the Debtor has made a sufficient showing of a likelihood of a successful reorganization to warrant the issuance of a § 105 injunction.

*B. The Debtor Has Shown a Likelihood of Irreparable Harm Absent Issuance of an Injunction*

Absent issuance of a § 105 injunction, Tinsley would be required to spend significant time attending depositions and pretrial hearings and responding to discovery in the arbitration of the Rancourt Action. As the Debtor's Chairman and CEO, it is critical that Tinsley not be distracted from focusing upon the Debtor's reorganization, particularly at this early stage of the case. Where nonbankruptcy litigation prevents a debtor's key personnel from focusing exclusively upon the reorganization, the continuance of such litigation may pose irreparable harm to the debtor. *See, e.g., In re Philadelphia Newspapers, LLC,* 407 B.R. 606, 617 (E.D. Pa. 2009) (finding that a "danger of imminent, irreparable harm to the estate or the Debtors' ability to reorganize" would exist unless nonbankruptcy litigation against the debtors' key personnel was stayed). Here, the Court finds that if the arbitration of the Rancourt Action is not stayed, the demands upon Tinsley's time will prevent him from sufficiently focusing upon the reorganization, resulting in irreparable harm to the Debtor.

*C. The Balance of the Equities Weighs in Favor of the Debtor*

Rancourt received notice of the Motion but has not opposed the Debtor's request to stay the Rancourt Action with respect to Tinsley. In view of the finding that the Debtor will likely suffer irreparable harm absent the issuance of an injunction, the Court finds that the balance of the equities weighs in favor of the Debtor.

*D. Issuance of a § 105 Injunction is in the Public Interest*

"There is a great public interest in the efficient administration of the bankruptcy system." *Adelson v. Smith (In re Smith)*, 397 B.R. 134, 148 (Bankr. D. Nev. 2008). As discussed above,

---

[11] Statement of Financial Affairs [Doc. No. 36] at ¶ 1.

[12] September 2022 Monthly Operating Report [Doc. No. 28] at p. 1.

[13] October 2022 Monthly Operating Report [Doc. No. 42] at Part 4(k).

[14] Specifically, the Debtor's revenue for September 2022 was $384,922, Doc. No. 28 at Part 4(a), and its revenue for October 2022 was $374,588, Doc. No. 42 at Part 4(a), for total revenue during the first two months of the case of $759,510. The Debtor had a profit of $165,532 for September 2022, Doc. No. 28 at Part 4(k), but a loss of ($127,340) for October 2022, Doc. No. 42 at Part 4(k), for a total profit of $38,192 during the first two months of the case.

the Debtor's ability to reorganize would likely be impaired if the Court did not issue a § 105
injunction. Consequently, issuance of such an injunction is in the public interest.

### III. Conclusion

Based upon the foregoing, the Motion is **GRANTED**. The Court will issue a § 105
injunction staying the Rancourt Action as to Tinsley.[15] Unless otherwise ordered by the Court,
the injunction shall remain in effect until the Debtor obtains confirmation of a Chapter 11 Plan.
As soon as any confirmed Chapter 11 Plan becomes effective, the injunction shall automatically
terminate by operation of law without further order of the Court. *See Excel Innovations*, 502 F.3d
at 1095 (stating that Bankruptcy Courts lack the authority to issue injunctions that outlast plan
confirmation). The injunction shall *not* apply to any attempts by the United States to enforce the
FTC Judgment against either the Debtor or Tinsley. The Court will enter an order consistent with
this Memorandum of Decision.

###

Date: November 30, 2022

Ernest M. Robles
United States Bankruptcy Judge

---

[15] The injunction shall apply to both the proceedings pending before the Florida District Court
and the arbitration proceeding.