Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>In re: MyLife.com. Inc.,<br><br>Debtor. | Case No. 2:22-14858-ER<br><br>Ch. 11<br><br>**EVIDENTIARY OBJECTIONS TO SUPPLEMENTAL DECLARATION OF SCOTT PFEFFER [DOCKET NO. 101]**<br><br>Date: January 31, 2023<br>Time: 11:00 a.m.<br>Place: Courtroom 1568 |

MyLife.com. Inc., ("**Debtor**") respectfully submits the following evidentiary objections to the *Declaration* ("**Declaration**") *of Scott Pfeffer* ("**Declarant**") [Docket No. 101] filed by LexisNexis Risk Solutions FL ("**Lexis**").

## **APPLICABLE FEDERAL RULES OF EVIDENCE**

Federal Rule of Evidence ("**FRE**") 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." The statement is irrelevant if it does not have any probative value with respect to the proposition that is of consequence to the determination of the action. U.S. v. Hall, 653 F.2d 1002 (5th Cir. 1981). FRE 402 states simply that evidence "which is not relevant is not admissible." FRE 403 provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 408 states that "[e]vidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim[.]"

FRE Article VIII governs "hearsay." FRE 801(a) indicates that "[a] statement is (1) an oral or written assertion of (2) nonverbal conduct of a person, if it is intended by the person as an assertion." FRE 801(c) further provides that hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

FRE 701 limits the testimony of a lay witness by providing that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception

of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." See also FRE Article V.

FRE 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Therefore, before a court can admit any statement or document into evidence, the proponent must lay an appropriate foundation. See e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.3d 1542, 1550-51 (9th Cir. 1990).

The "Best Evidence Rule" (BER), at FRE 1002, indicates that "[t]o prove the content of a writing, recording or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." FRE 1005 only permits the contents of public records if "proved by copy, certified as correct in accordance with [FRE] 902 or testified to be correct by a witness who has compared it with the original."

Local Bankruptcy Rule 9013-1(g)(4) provides: "(4) New arguments or matters raised for the first time in reply documents will not be considered." In the present case, the Declaration offers new facts which should have been included in the opening Motion. While Debtor believes the newly proffered evidence is inadmissible for the reasons set for the below, if this Court is inclined to consider these new facts and not deny the Motion, Debtor requests a continuance of the hearing to allow it to respond on the merits.

***The Debtor objects to multiple statements made in the Declaration by Declarant, and based on all of the fatal flaws, the Court should strike the entire Declaration (and any attachments/references) altogether, and deny the Motion For An Order (I) Requiring Debtor To Immediately Assume Or Reject Contract, Or (II) Granting Movant Relief From Stay To Terminate Contract, And/Or (III) Requiring Debtor To Immediately Pay Movant All Post-Petition Amounts Owed Under***

*Contract As Adequate Protection Pending Its Assumption Or Rejection [Docket No. 77] as prayed in the Opposition on file.*

## GENERAL EVIDENTIARY OBJECTIONS

The Debtor submits that none of the statement or exhibits offered by Declarant are relevant to the matters at issue, and their probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the court, undue delay, wasting time, or needlessly presenting cumulative evidence. Consequently, pursuant to FRE 402, 403 and 408, all statements and exhibits offered by Declarant are inadmissible.

The Debtor also submits that Declarant cannot authenticate the statements offered, and fails to lay a proper foundation for any of the statements to be admissible.

## SPECIFIC EVIDENTIARY OBJECTIONS

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| **1.  Declaration, ¶ 3.**<br><br>On or about April 8, 2011, LN and debtor and debtor in possession MyLife.com ("Debtor") entered into that certain LexisNexis Risk Solutions Reseller Agreement pursuant to which LN provides Debtor with access to LN's data and grants Debtor a restricted license permitting it to resell such data to Debtor's customers in exchange for monthly payment to LN of agreed upon sums. That April 8, 2011 agreement has been amended by twenty separate written amendments and, as amended, constitutes the "Reseller Agreement". I am familiar with the terms of the Reseller Agreement. | <u>Relevance (FRE 402, 403, 408)</u><br>The statement is irrelevant to any of the issues raised in the Reconsideration Motion and should not be considered.<br><br><u>Lack of Foundation (FRE 901)/Lack of Personal knowledge</u><br>Declarant fails to lay an adequate foundation for the proffered facts.<br><br><u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled<br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br><br>☐ Sustained<br>☐ Overruled |

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| **2.** Declaration, ¶ 4<br><br>On October 21, 2022, I had a call with Jeff Tinsley of Debtor where I relayed to him that LN would agree to the Reseller Agreement continuing to December 31, with potential further extensions to February 28, at which point it would terminate. During the call Mr. Tinsley expressed his appreciation for the proposal, and I understood that it would be accepted. Thus, on November 18 LN counsel sent Debtor counsel a draft amendment to the Reseller Agreement for review and comment. However, and despite follow up by LN counsel, Debtor did not provide a substantive response until December 15, and it was at that point Debtor asked that the Agreement remain in place until March 31, another month beyond what LN had proposed. Thus, on December 19 LN counsel sent an e-mail to Debtor counsel that Debtor needed to make some payments, or LN was going to file a motion to seek termination of the Reseller Agreement. | <u>Hearsay (FRE Art. VIII)</u><br>The statement is based upon out-of-court statements of those besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII).<br><br><u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |
| **3.** Declaration, ¶ 5<br><br>In response to LN counsel's December 19 e-mail, Debtor said in a December 19 e-mail that she would confer with her client, and get back to LN counsel. Debtor counsel never did get back to LN counsel. Also, LN counsel followed up with another e-mail to Debtor counsel on December 29 regarding any proposal Debtor might want to make, but Debtor counsel has never | <u>Hearsay (FRE Art. VIII)</u><br>The statement is based upon out-of-court statements of those besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII). | ☐ Sustained<br>☐ Overruled |

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| responded. | Best Evidence Rule (FRE 1002)<br><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| **4.** Declaration, ¶ 6<br><br>Without all the data LN provides, if a Debtor customer conducts a search on their site and the individual being searched does not appear, the customer would not hit the buy button, or if the customer does hit the buy button, the search may not be accurate. | Relevance (FRE 402, 403, 408)<br><br>The statement is irrelevant to any of the issues raised in Lexis' Motion and should not be considered.<br><br>Lack of Foundation (FRE 901)/Lack of Personal knowledge<br><br>Declarant fails to lay an adequate foundation for the proffered facts. | ☐ Sustained<br>☐ Overruled<br><br><br><br><br>☐ Sustained<br>☐ Overruled |
| **5.** Declaration ¶ 7<br><br>As to usage by Debtor of LN data during the bankruptcy, that has been significant, and in fact increased substantially in January 2023. For example, in July 2022, a couple months prior to bankruptcy, Debtor ran reports using LN data the retail cost of which would be $1,077,342. In November, a couple months after the filing, Debtor ran 114,405 reports using LN data, the retail cost of which would be $683,952 to Debtor, and in December ran 106,731 reports using LN data, the retail cost of which would be $640,386. Thus, Debtor's | Relevance (FRE 402, 403, 408)<br><br>The statement is irrelevant to any of the issues raised in Lexis' Motion and should not be considered.<br><br>Lack of Foundation (FRE 901)/Lack of Personal knowledge<br><br>Declarant fails to lay an adequate foundation for the proffered facts.<br><br>Best Evidence Rule (FRE 1002)<br><br>To the extent Declarant is offering testimony about records | ☐ Sustained<br>☐ Overruled<br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled |

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| November and December usage was not insignificant, and in fact was around 60% of what it was in the couple months before bankruptcy. Also, Debtor's usage is increasing significantly. For the period January 1 to 19, Debtor ran 235,735 reports using LN data, the retail cost of which would be $1,414,410 to Debtor, and so Debtor has already exceeded the usage for the July 2022 month before bankruptcy. | and reports, such testimony must be rejected, as the records, reports and/or documents themselves are the best evidence of information proffered and speak for themselves. | |
| 6.  Declaration ¶ 8<br><br>Further, even going back a year prior to bankruptcy, Debtor's usage this month will exceed prior usage. For example, in November 2021, Debtor ran reports using LN data the retail cost of which would be $1,867,854, and for January 2023 they are on pace for usage that would have a retail cost of almost $2 million. | <u>Relevance (FRE 402, 403, 408)</u><br>The statement is irrelevant to any of the issues raised in Lexis' Motion and should not be considered.<br><br><u>Lack of Foundation (FRE 901)/Lack of Personal knowledge</u><br>Declarant fails to lay an adequate foundation for the proffered facts.<br><br><u>Best Evidence Rule (FRE 1002)</u><br>To the extent Declarant is offering testimony about records and reports, such testimony must be rejected, as the records, reports and/or documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |
| 7.  Declaration ¶ 9.<br><br>The minimum monthly charge Debtor contracted to pay for the post-petition months of November 2022 to January 2023 is between $315,465 and $328,084. Thus, if Debtor had | <u>Relevance (FRE 402, 403, 408)</u><br>The statement is irrelevant to any of the issues raised in Lexis' Motion and should not be considered. | ☐ Sustained<br>☐ Overruled |

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| been proceeding under a per transaction fee arrangement for these post-petition months, they would have far exceeded the minimum monthly charge in each month. | Lack of Foundation (FRE 901)/Lack of Personal knowledge<br><br>Declarant fails to lay an adequate foundation for the proffered facts. | ☐ Sustained<br>☐ Overruled |
| | Best Evidence Rule (FRE 1002)<br>To the extent Declarant is offering testimony about records and reports, such testimony must be rejected, as the records, reports and/or documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| 8.  Declaration ¶ 10<br><br>LN incurs significant costs each month in connection with the data it provides to Debtor. LN purchases the data from numerous sources, and so it is "'not free" to LN. LN also incurs significant other costs in providing services to its customers, including technology costs, regulatory and compliance employee costs, and other general costs associated with running a business. Also, and importantly, Debtor is in a specific LN market area known as the direct to consumer peer to peer market. This is significant because the data LN provides, to customers in that area is specific to them, with filtering and other requirements different than those in other LN market areas. Thus. there are specific and significant costs to LN with respect to the data being provided to Debtor. Also, these costs are not | Relevance (FRE 402, 403, 408)<br>The statement is irrelevant to any of the issues raised in Lexis' Motion and should not be considered. | ☐ Sustained<br>☐ Overruled |
| | Lack of Foundation (FRE 901)/Lack of Personal knowledge<br><br>Declarant fails to lay an adequate foundation for the proffered facts. | ☐ Sustained<br>☐ Overruled |
| | Best Evidence Rule (FRE 1002)<br><br>To the extent Declarant is offering testimony about records and reports, such testimony must be rejected, as the records, reports and/or documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| stagnant, and rather are continuing. LN refreshes the data up to a certain number of consumers for Debtor monthly, and this data is vital to Debtor so the information being searched can be current. | | |
| **9.** Declaration ¶ 11<br><br>Finally, the impact of the Reseller Agreement continuing without payment to LN is significant. Debtor continues to use the data to earn income, all the while making no payments toward the more than $300,000 it owes LN each month for that usage. The lack of payments is affecting LN generally. Also though, Debtor represents a significant percentage of revenue in the previously referenced market area that Debtor is in. Thus, and considering LN maintains a separate data file for that market area, with associated work and costs, this is having a significant financial impact on LN in that market area. | <u>Relevance (FRE 402, 403, 408)</u><br>The statement is irrelevant to any of the issues raised in Lexis' Motion and should not be considered.<br><br><u>Lack of Foundation (FRE 901)/Lack of Personal knowledge</u><br>Declarant fails to lay an adequate foundation for the proffered facts.<br><br><u>Best Evidence Rule (FRE 1002)</u><br>To the extent Declarant is offering testimony about records and reports, such testimony must be rejected, as the records, reports and/or documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |

RESPECTFULLY SUBMITTED,

DATED: January 27, 2022                LESLIE COHEN LAW PC


                                By:   /s/ Leslie Cohen
                                    Leslie A. Cohen
                                    Attorneys for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1615-A Montana Avenue, Santa Monica, CA 90403

A true and correct copy of the foregoing document entitled (*specify* **EVIDENTIARY OBJECTIONS TO SUPPLEMENTAL DECLARATION OF SCOTT PFEFFER [DOCKET NO. 101]**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____01/27/23_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Julian K Bach    Julian@Jbachlaw.com, julianbach@sbcglobal.net
Shraddha Bharatia    notices@becket-lee.com
Bradley E Brook    bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com
Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;jessica@lesliecohenlaw.com
Leah Victoria Lerman    leah.v.lerman@usdoj.gov
Jolene Tanner    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Christopher VanDeusen    christopher.k.vandeusen@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____01/27/23_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA, 90012

☐ Service information continued on attached pages

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/27/23 | Jessica Spagnoli | /s/ Jessica Spagnoli |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**