| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leslie A. Cohen, Esq. (SBN: 93698)<br>leslie@lesliecohenlaw.com<br>J'aime K. Williams Esq. (SBN 261148)<br>jaime@lesliecohenlaw.com<br>LESLIE COHEN LAW, PC<br>1615-A Montana Avenue<br>Santa Monica, CA 90403<br>Telephone: (310) 394-5900<br>Facsimile: (310) 394-9280<br><br>☒ *Attorney for: Debtor* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>MYLIFE.COM, INC. | CASE NO.: 2:22-bk-14858-VZ<br>CHAPTER: 11 |
|---|---|
| | **DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**<br><br>[11 U.S.C. §§ 1123, 1125] |
| Debtor(s). | ☒ Initial Disclosure Statement and Plan<br>☐ 1st Amended Disclosure Statement and Plan<br>☐<br><br>For information on court hearings,<br>see the separately filed notice(s) of hearing. |

On (*specify the "petition date"*) September 2, 2022, the Debtor filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code ("Code").  This form Disclosure Statement and Plan of Reorganization ("**DS and Plan**") is <u>both</u> the Disclosure Statement ("**DS**") and the Plan of Reorganization ("**Plan**").

**PROPONENT**: The party who filed the DS and Plan ("Proponent") is: ☒ Debtor, or ☐        .

**PLAN**: The terms of the Plan, located at Sections **VIII – X**, comply with the requirements of 11 U.S.C. § 1123, including the proposed treatment of claims of the Debtor's creditors and, if applicable, the interests of shareholders or partners. **The Court has not yet confirmed the Plan, which means the terms of the Plan are not now binding on anyone**; however, if the Plan is confirmed, the terms will bind the Debtor and any holders of claims or interests treated by the plan.

**DISCLOSURE STATEMENT**: Sections **I – VII** and **XI** constitute the DS and describe the assumptions that underlie the Plan and how the Plan will be executed.  The Proponent believes the DS meets the standard for adequate information set forth in 11 U.S.C. § 1125(a).  **The information disclosed is for explanatory purposes only and is as accurate as possible.**

Any interested party desiring further information should contact the attorney for Proponent identified above in the box at top left of this page, using the contact information provided.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                    Page 1                                    **VZ CH11.DISCLSR.PLAN**

| NOTE ABOUT CITATIONS |
|---|
| **"Chapter, section and §" references** are to 11 U.S.C. §§ 101-1532 of the Bankruptcy Code.<br>**"FRBP" references** are to the Federal Rules of Bankruptcy Procedure.<br>**"LBR" references** are to the Local Bankruptcy Rules for the Central District of California. |

## TABLE OF CONTENTS

| | **DISCLOSURE STATEMENT** | **Page** |
|---|---|---|
| **I.** | General Disclaimer | **3** |
| **II.** | Type of Plan of Reorganization; Important Dates | **3** |
| **III.** | Description of Debtor's Past and Future Business and Events Precipitating Bankruptcy Filing | **3** |
| **IV.** | Definitions and Preliminary Information | **5** |
| **V.** | Source of Money to Pay Claims and Interest-Holders | **7** |
| **VI.** | Assets and Liabilities of the Estate | **10** |
| **VII** | Treatment of Nonconsenting Members of a Consenting Class | **10** |
| | **PLAN OF REORGANIZATION** | |
| **VIII.** | Plan Provisions: Treatment of Claims | **11** |
| | **A.** Assumption and Rejection of Executory Contracts and Unexpired Leases | **11** |
| | **B.** Unsecured Claims: Administrative Expenses, Taxes | **12** |
| | **C.** CLASS # 1: Priority Unsecured Claims | **13** |
| | **D** CLASS # 2: Unsecured Claims: Nominal and General | **13** |
| | **E.** CLASS # 3, # 4 and #5: Secured Claims | **14** |
| | **F.** Shareholder or Partner Interests | **17** |
| | Additional Claims (if any) Not Identified in Sections VIII.A - VIII.F    **EXH H, I, etc.** | |
| **IX.** | Unclaimed or Undeliverable Plan Distributions | **18** |
| **X.** | Effect of Confirmation | **18** |
| **XI.** | **LIST OF EXHIBITS AND DECLARATIONS** | **18** |
| | **Mandatory Exhibits** | |
| | Declaration in Support of Disclosure Statement and Plan | **EXH A** |
| | List of all Claims | **EXH B** |
| | List of all Property and Valuation of Property as of Confirmation Date | **EXH C** |
| | Projected Income, Expenses and Payments by Month/Quarter | **EXH D** |
| | Financial Records | **EXH E** |
| | | |
| | **Optional Exhibits** | |
| | Executory Contracts | **EXH F** |
| | Administrative Claims | **EXH G** |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                          Page 2                              **VZ CH11.DISCLSR.PLAN**

## I. <u>GENERAL DISCLAIMER</u>

PLEASE READ THIS DOCUMENT CAREFUULY, INCLUDING THE ATTACHED EXHIBITS.  IT EXPLAINS WHO IS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, AND WHO IS ENTITLED TO FILE AN OBJECTION TO CONFIRMATION OF THE PLAN.  IT ALSO IDENTIFIES THE TREATMENT THAT CLAIMANTS (CREDITORS) AND ANY INTEREST HOLDERS (SHAREHOLDERS OR PARTNERS) CAN EXPECT TO RECEIVE UNDER THE PLAN, IF THE PLAN IS CONFIRMED BY THE COURT.

THE SOURCES OF FINANCIAL DATA RELIED ON TO FORMULATE THIS DOCUMENT ARE IN **EXHIBIT A**, A DECLARATION.  ALL REPRESENTATIONS ARE TRUE TO THE PROPONENT'S BEST KNOWLEDGE.

NO REPRESENTATIONS CONCERNING THE DEBTOR THAT ARE INCONSISTENT WITH INFORMATION CONTAINED IN THIS DS AND PLAN ARE AUTHORIZED EXCEPT TO THE EXTENT, IF AT ALL, THAT THE COURT ORDERS OTHERWISE.

AFTER CAREFULLY REVIEWING THIS DOCUMENT AND THE ATTACHED DECLARATIONS AND EXHIBITS, PLEASE REFER TO THE SEPARATELY FILED NOTICE OF DATES RELATED TO A HEARING ON MOTION TO APPROVE ADEQUACY OF THE DISCLOSURE STATEMENT, OR HEARING ON MOTION TO CONFIRM THE PLAN.  EACH NOTICE WILL IDENTIFY DATES AND DEADLINES TO FILE A RESPONSE OR OTHER OBJECTION, OR TO SUBMIT A BALLOT IF YOU ARE ENTITLED TO VOTE ON THE PLAN.

## II. <u>TYPE OF PLAN OF REORGANIZATION;  IMPORTANT DATES</u>

Payments and treatments under the Plan have a starting date ("**Effective Date**"), a period of time after the Effective Date to continue payments ("**Plan Term**"), and a final payment date ("**Final Payment**").

| Plan Type | Effective Date | Plan Term | Final Payment Date |
|---|---|---|---|
| ☒ Liquidating: *See Section V.A.2 below for anticipated sale(s)* <br> ☐ Operating: *See Section III below* | ☐ 14 days after order confirming Plan <br> ☒ Other date:  May 1, 2024 | ☐      years; or <br> ☒ 1 months | *May 1, 2024 (estimated)* |

## III. <u>DESCRIPTION OF DEBTOR'S PAST AND FUTURE BUSINESS AND EVENTS PRECIPITATING BANKRUPTCY FILING</u>

**A.** <u>**PAST AND FUTURE BUSINESS OPERATIONS**</u>: The Debtor is organized as a Delaware C corp.  The Debtor operated 100% percent of its business activity out of its headquarters in Los Angeles, CA since 2001 (other than remote workers), providing services to customers nationwide.  Before this case was commenced on (specify the "petition date") September 2, 2022, the Debtor,

☒  provided the following services for pay: background checking service allowing people to check public records for others they would like to know more about and manage how they look to others

☐  manufactured or sold the following products:

☐  was in the business of renting real estate.  (See Exhibit _____ for a detailed description of Debtor's property or properties including locations, square footage, occupancy rates, etc.)

☐  was in the business of developing real estate.  (See Exhibit _____ for a detailed description of Debtor's property or properties including locations, size of lot(s), stage of development, etc.)

☐  other:

The Debtor ☐ will ☒ will not continue this course of conduct, as the Debtor will be selling the business in order to fund the Plan.

The Debtor:  ☒  is not a small business debtor within the meaning of 11 U.S.C.§101(51(d).

☐ is a small business debtor within the meaning of 11 U.S.C.§101(51(d), please see Exhibit
for information pertaining to 11 U.S.C. §1116 compliance.

**B.** <u>**FACTORS THAT LED TO FILING THIS BANKRUPTCY CASE**</u> (*Describe briefly*):

Pre-petition, the Debtor was pressured into settling litigation with the FTC that required significant payments. The
Debtor believed it could make those payments based on forecasts provided to the FTC that included recurring
revenue. Many months after settlement, the FTC surprised the Debtor that it was required to eliminate
all recurring revenue, which not agreed to or understood by the Debtor, making the original deal both impossible
and unconscionable, and forcing the Debtor into bankruptcy.

**C.** <u>**FUTURE FINANCIAL OUTLOOK:**</u> Proponent believes that the Debtor's economic health has, or will, improve
from its prebankruptcy state for the following reasons. (*Describe briefly*)

The Debtor has continued to operate and provide services post-petition, with recently increasing users and
adoption.  The Debtor will sell its business, and use the proceeds to pay creditors under this Plan.

**D.** <u>**PROPOSED MANAGEMENT OF THE DEBTOR**</u>:

1.  Names of persons who will manage the Debtor's business affairs:

    Jeff Tinsley, owner and CEO

2.  Proposed compensation to persons listed above: Will be paid in the ordinary course until the transfer of
    Debtor's assets is complete.

3.  Qualifications of persons listed above:

    Mr. Tinsley has served as CEO since the Debtor's inception in 2001.

4.  Affiliation of persons listed above to Debtor: CEO/owner

5.  Job description: Mr. Tinsley and will oversee the liquidation of the Debtor's business and
    winddown/transfer of operations to buyer.

**E.** <u>**PROPOSED ☒ DISBURSING AGENT ☐ MULTI-PURPOSE POST-CONFIRMATION AGENT**</u>
    will pay all amounts due under the Plan from a fund hereby authorized to be opened.  This fund shall be
    maintained in a segregated, interest-bearing account in a depository approved by the United States trustee
    for the Central District of California for deposits of funds by trustees.

1.  Name of person responsible for collecting money intended for distribution to claimants and transmitting it
    to claimants: Anthony Mazzarella, CFO

2.  Disbursing agent's address: 5161 Lankershim Blvd., Ste. 250, North Hollywood, CA 91601.

3.  Disbursing agent's phone number: 310-571-3144

4.  Proposed compensation for person listed above: Mr. Mazzarella is expected to remain an employee after
    sale and transfer of assets, and will continue to be paid in the ordinary course.

5.  Qualifications of person listed above: Mr. Mazzarella has served as CFO since 2018

6.  Affiliation of person listed above, to Debtor: CFO

7.  Job description: Mr. Mazzarella will oversee the collection of sale proceeds and distribution to creditors
    pursuant to this Plan.

## IV. <u>DEFINITIONS AND PRELIMINARY INFORMATION</u>

### A. <u>CLAIMS AND INTERESTS</u>

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                                Page 4                                          **VZ CH11.DISCLSR.PLAN**

A claim refers to all obligations of the Debtor or against property of the Debtor. Claims treated under the Plan are included whether the claim arose before or after the bankruptcy case was filed, and whether or not an obligation involves a cash payment. A claimant refers to holder of a claim treated under the Plan, even if the party did not file a proof of claim. An interest represents an ownership stake in the Debtor. An interest holder refers to holder of an interest treated under the Plan, even if the party did not file a proof of interest.

A claim or interest is allowed if it is (a) timely and properly scheduled or filed, and not objected to; (b) objected to, and was resolved by settlement of the parties or a court order, or (c) deemed allowed. A claim is deemed allowed if the claim is listed on the Debtor's schedules and is not scheduled as disputed, contingent, or unliquidated. An interest is deemed allowed if it is included on the list of equity security holders filed by the Debtor with the court and is not scheduled as disputed. **Allowed claims and interests are provided for in the Plan in the relevant category or class.**

A claim or interest is disallowed if it was timely objected to by a party in interest and the court ordered that the claim or interest be disallowed in part or entirely. **Disallowed claims and interests are not treated under the Plan**.

A claim or interest is disputed if a ruling on allowance has not been made, and (a) a proof of claim or interest has been timely filed or deemed filed and a party in interest has filed an objection; or (b) a proof of claim or interest has not been filed and the Debtor scheduled such claim or interest as disputed, contingent, unliquidated or unknown.

In this case, the deadline by which to file a proof of claim or interest was October 6, 2023 and the deadline by which to have an objection to claim or interest heard is: n/a. The status of the claims and interest objection process is that ☐ all objections to have been resolved, and no other objections are anticipated; or ☒ the objection process is pending, or will shortly begin, for the claims or interests identified in Exhibit B as having an objection pending and Proponent has filed the Motion for Order Approving Disclosure Statement with objections still pending because: the Debtor is still analyzing what, if any, claim objections will be filed.

If the holder of a claim or interest wants to vote, but holds a claim or interest that has either (a) been objected to, or (b) has been scheduled by the Debtor as contingent, disputed, unliquidated, or unknown, and the holder has not filed a proof of claim or interest, the holder must file a motion to have its claim or interest allowed for voting purposes in time for that motion to be heard before the hearing on confirmation of the Plan.

No distribution will be made on the disputed portion of a claim or interest unless allowed by a final non-appealable order. FRBP 9019 authorizes the Debtor to settle disputed claims with court approval; but, court approval is not required if a proposed settlement does not exceed $10,000. The Debtor is required to reserve funds to pay the amount claimants would receive if the claim is allowed in full (unless the court approves a different amount). To the extent a disputed claim is disallowed, (a) the funds that had been reserved for such claims will be distributed as provided in the Plan to other creditors of the same class (or as ordered by the court); or (b) if this box is checked ☐ then such funds will be distributed to the Debtor.

**B.** **POTENTIAL § 1111(b) ELECTIONS**. § 1111(b) allows a partially secured claim to be treated as fully secured under certain conditions, notwithstanding § 506(a). Claimants should consult their attorney to evaluate if a § 1111(b) election is available and is in their best interest, and to identify the deadline for making an election.

**C.** **VOTING AND OBJECTIONS TO CONFIRMATION OF PLAN**.

"Voting" to accept or reject the Plan is different from "objecting" to confirmation of the Plan. Voting by ballot means a claimant entitled to vote completes the ballot enclosed with this DS and Plan and returns it to Proponent. Objecting to confirmation means a party in interest files and serves either a Preliminary Objection to Confirmation of Plan, or an Opposition to Motion to Confirm Plan.

1. **Who may object to confirmation of the Plan**. Any party in interest may object to confirmation of the Plan; but, as explained below, not all claimants and interest holders are entitled to vote to accept or reject the Plan.

2. **Who may vote (§ 1124)**. It requires both an allowed and impaired claim, or allowed and impaired interest in order to vote either to accept or reject the Plan.

Impaired claimants include those whose legal, equitable, and contractual rights are altered by the Plan even if the alteration is beneficial to the claimant. Impaired interest-holders include those whose legal, equitable, and contractual rights are altered by the Plan, even if the alteration is beneficial to the interest holder.

Claims and interests are placed into classes consistent with § 1122. Members of unimpaired classes do not vote, though they may file an objection to confirmation of the plan.

Many claimants are treated by the Bankruptcy Code as having accepted or rejected the Plan without a vote. Some types of claims are required to be treated a certain way by the Bankruptcy Code and for that reason they are considered unimpaired. Holders of such claims cannot vote. In addition, the Bankruptcy Code treats some claimants as having rejected the Plan without a vote if (a) the claimant is to receive no distribution under the Plan; (b) an objection has been filed to that claimants' claim and the objection has not been resolved prior to filing the Plan; or (c) Debtor scheduled a claim as contingent, disputed, unliquidated or unknown and the creditor has not filed a proof of claim.

| Classes Entitled to Vote Because the Class is Impaired: | Classes Not Entitled to Vote Because the Class is Unimpaired: |
|---|---|
| **2b, 2c** | **Tax claims, 1a, 3a, 3b** |

A party that disputes the Proponent's characterization of its claim or interest as unimpaired and wants to vote, may request a finding of impairment from the Court in order to obtain the right to vote.

3.    **Votes necessary to confirm the Plan.** The court may confirm the Plan if at least one non-insider impaired class of claims has accepted and certain statutory requirements are met as to both nonconsenting members within a consenting class and as to dissenting classes. A class of claim has accepted the Plan when more than one half in number and at least two-thirds in amount of the allowed claims actually voting, vote in favor of the Plan. A class of interest has accepted when more than one half in number and at least two-thirds in amount of the allowed interests of such class actually voting have accepted it. It is important to remember that even if the requisite number of votes to confirm the Plan are obtained, the Plan will not bind the parties unless and until the Court makes an independent determination that confirmation is appropriate. That is the subject of any upcoming confirmation hearing.

(A)    **How to vote**. The Debtor will file and serve 2 notices: (1) Notice of Hearing on Adequacy of Disclosure Statement ("**Notice of DS Hearing**"); and Notice of Dates Related to Confirmation of Plan and Deadlines to: Submit Ballot; (B) File Preliminary Objection to Confirmation of Plan; and (C) File Response to Motion to Confirm Plan ("**Notice of Deadlines Related to Confirmation**").

A ballot will accompany the Notice of Deadlines Related to Confirmation. A voting claimant must follow the instructions set forth in the Notice of Deadlines Related to Confirmation. A claimant whose claim is allowed as partly secured and partly unsecured is entitled to vote in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

# V.    SOURCE OF MONEY TO SATISFY CLAIMS AND INTERESTS

The Plan cannot be confirmed unless the Court finds that it is "feasible," which means that the Proponent has timely submitted evidence establishing that the Debtor will have sufficient funds available to satisfy all expenses, including the scheduled payments to claimants discussed in sections VIII below.

A.    **NON-INCOME SOURCES TO FUND PLAN**. See Exhibit(s) D and          for income and other contributions that will fund the Plan. If additional funding sources (non-income) are needed, see below:

1.    Loan or Line of Credit: ☐ None    ☐ Loans or Lines of Credit are as follows:

| NAME OF LENDER | CONTRIBUTION TYPE | TERM | INT RATE | PROCEEDS |
|---|---|---|---|---|
| | | | | |

| (a) | | ☐ Loan ☐ Credit Line | | % | $ |
|-----|---|---|---|---|---|
| (b) | | ☐ Loan ☐ Credit Line | | % | $ |

2. <u>Sales of Property</u>:

☐ None

☒ All or substantially all of Debtor's assets will be sold. The terms of the proposed sale and evidence of the financial solvency of the proposed buyer will be supplied in connection with the forthcoming sale motion.

☐ The specified property of Debtor is planned to be sold as follows:

| PROPERTY DESCRIPTION: | | PROPOSED SALE DATE | PROPOSED SALE PRICE | PROCEEDS TO FUND THE PLAN |
|---|---|---|---|---|
| (a) | ☐ Property in CLASS #3, #4 or #5: **Check only ONE**:<br>☐ 3a  ☐ 3b  ☐ 3c  ☐ 3d  ☐ 3e<br>☐ 4a  ☐ 4b  ☐ 4c  ☐ 4d  ☐ 4e<br>☐ 5a  ☐ 5b  ☐ 5c  ☐ 5d  ☐ 5e | | $ | $ |
| (b) | ☐ Property in CLASS #3 or #4: **Check only ONE**:<br>☐ 3a  ☐ 3b  ☐ 3c  ☐ 3d  ☐ 3e<br>☐ 4a  ☐ 4b  ☐ 4c  ☐ 4d  ☐ 4e<br>☐ 5a  ☐ 5b  ☐ 5c  ☐ 5d  ☐ 5e | | $ | $ |

☐ **See Exhibit** _____ for additional anticipated sales of specific property.

3. **Adversary Proceedings**: ☐ None    ☒ Adversary proceedings are as follows:

| ADVERSARY PROCEEDING DESCRIPTION: FRBP 7001 and LBR 7004-1 require a summons/complaint. | | DATE FILED OR TO BE FILED | ADV. PROC. NUMBER | ANTICIPATED RECOVERY |
|---|---|---|---|---|
| (a) | Mylife.com, Inc. v. United States of America | **08/22/23** | **2:23-ap-01386-VZ** | **$1,166,666.66** |
| (b) | | | | $ |

B. **PAYMENTS ON THE EFFECTIVE DATE**.  This section demonstrates the Plan is feasible on the Effective Date.

| (1) CLAIMS AND EXPENSES TO BE PAID ON THE EFFECTIVE DATE | | AMOUNT |
|---|---|---|
| Cure Payments: Executory Contracts, Unexpired Leases:  Section VIII.B.2.<br>De Lage Landen Financial Services, Inc.                           1<br>Dell Financial Services LLC                                          7 | | $8,352.56 |
| Administrative claims + Statutory Costs/Charges:  Section VIII.C.1. +court costs | | $3,653,492.56 |
| Tax Claims | | $3,357.80 |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                      Page 7                          **VZ CH11.DISCLSR.PLAN**

| | |
|---|---|
| Class 1a Priority Claims | $ 44,656.51 |
| Nominal Unsecured Claims:  Section VIII.E.1. | $ |
| First and Final Payments:  General Unsecured Claims:  Section VIII.E.2. | $1,146,666.06-$1,846,666.06 |
| Arrearages + First Payments:  Secured Claims:  Sections VIII.F. – VIII.G. | $0 |
| **TOTAL TO BE PAID ON THE EFFECTIVE DATE:** | **$4,856,525.49-$5,556,525.49** |
| **(2) SOURCE OF FUNDS ON THE EFFECTIVE DATE** | |
| Cash on Hand: (including pending tax refund and employee retention credit) | $689,858.83 |
| New Value: ☒ Contributor Name (*identify*): Jeffrey Tinsley | <**$205,625 reduction in administrative claim> |
| Loan or Line of Credit:  Described above in: ☐ V.A.(1a)    ☐ V.A.(1b) | $ |
| Sale of Property: Described above in: ☒ V.A.(2)    ☐ V.A.(2b) | $3,000,000-3,700,000 |
| Adversary Proceeding Recovery: Described above in: ☒ V.A.(3a)    ☐ V.A.(3b) | $1,166,666.66 |
| Other Sources: ☐ (*identify*): | $ |
| **TOTAL FUNDS AVAILABLE ON THE EFFECTIVE DATE: (exact amount to be determined following completion of buyer's due diligence)** | **$4,856,525.49-$5,556,525.49** |
| **(3) CASH AVAILABLE AFTER PAYMENTS MADE ON THE EFFECTIVE DATE:** | $0.00 |

**C.**  **PAYMENTS DURING THE PLAN TERM**.  Please see **Exhibit D**. for cash flow projections for the duration of the Plan, to help determine that the plan is feasible during the plan term.  The focus is on projected cash receipts and cash disbursements.  All non-cash items such as depreciation, amortization, gains and losses are omitted.  A positive number reflects a source of cash; a (negative number) reflects a use of cash.  **Exhibit D** also contains details of the assumptions that underlie the projections.

**D.**  **FINANCIAL RECORDS TO ASSIST IN DETERMINING WHETHER PROPOSED PAYMENT IS FEASIBLE**
Please see Exhibit **E** for three types of financial documents related to past activities.  The two time periods of activities are: (1) the most recent twelve-month calendar year; and (2) all months subsequent thereto.  The financial documents include: balance sheets, cash flow statements and income and expense statements. The Debtor has attached these documents, however, these documents are not necessarily indicative of feasibility as this is a liquidating plan.

**E.**  **EXPLANATION OF RISK FACTORS AND POTENTIAL FLUCTUATIONS WHEN IMPLEMENTING THE PLAN**.

| **RISK FACTOR** | **EXPLANATION OF RISK AND FLUCTUATIONS** |
|---|---|
| ☐ Business/Economic  ☒ Sale of Property  ☐ Balloon Payment  ☐ Int. Rate Adjustment  ☐ Other | Sale not being approved or completed. |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*      Page 8      **VZ CH11.DISCLSR.PLAN**

| | |
|---|---|
| ☐ Business/Economic<br>☐ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment<br>☒ Other | Denial of recovery in the preference action against the USA |
| ☐ Business/Economic<br>☐ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment<br>☐ Other | |
| ☐ Business/Economic<br>☐ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment<br>☐ Other | |

**F.    TAX CONSEQUENCES OF THE PLAN.**

*1.    To the Debtor*:  Tax consequences to the Debtor are: *The amount of tax liabilities, if any, will be affected by any deductions the Debtor will be entitled to during the year. Thus, at this time, the Debtor cannot estimate the amount of tax liabilities that will be incurred.*

2.    To Claimants:  Claimants should consult their advisors regarding potential tax effects of the Plan; nevertheless:

☐ The Debtor believes tax consequences to claimants are:

☒ The Debtor is not certain of tax consequences, because:
*The Debtor CANNOT and DOES NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all the tax implications of any action on Debtor's tax liability. The following are the tax consequences which the Plan will have on the Debtor's tax liability:*
*DUE TO THE UNSETTLED AND COMPLEX NATURE OF SOME OF THE TAX ISSUES, AS WELL AS THE POSSIBILITY THAT DEVELOPMENTS SUBSEQUENT TO THE DATE HEREOF COULD AFFECT THE TAX CONSEQUENCES OF THE PLAN, THE FOLLOWING DISCUSSION SHOULD NOT BE REGARDED AS DEFINITIVE OR AS COVERING ALL POSSIBLE TAX CONSEQUENCES. ADDITIONALLY, THIS SUMMARY DOES NOT DISCUSS ALL ASPECTS OF FEDERAL INCOME TAXATION THAT MAY BE RELEVANT TO A PARTICULAR CREDITOR OR HOLDER OF AN EQUITY INTEREST IN LIGHT OF ITS INDIVIDUAL CIRCUMSTANCES OR TO CERTAIN CREDITORS AND HOLDERS OF EQUITY INTERESTS SUBJECT TO SPECIAL TREATMENT UNDER THE FEDERAL INCOME TAX LAWS (FOR EXAMPLE, LIFE INSURANCE COMPANIES, TAX-EXEMPT ORGANIZATIONS, FOREIGN CORPORATIONS AND INDIVIDUALS WHO ARE NOT CITIZENS OR RESIDENTS OF THE UNITED STATES).*
*THIS SUMMARY DOES NOT DISCUSS ANY ASPECT OF STATE, LOCAL OR FOREIGN TAXATION. HOLDERS OF CLAIMS ARE STRONGLY URGED TO CONSULT WITH THEIR OWN TAX ADVISORS AS TO THE SPECIFIC TAX CONSEQUENCES (FEDERAL, STATE, LOCAL, AND FOREIGN) TO THEM OF THE PLAN.*

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                      Page 9                                      **VZ CH11.DISCLSR.PLAN**

*This summary is based upon the laws, regulations, rulings, and decisions in effect on the date hereof and upon certain proposed and temporary regulations, all of which are subject to change (possibly with retroactive effect) by legislation, administrative action or judicial decision.*

*Moreover, due to a lack of definitive judicial or administrative authority and interpretation, substantial uncertainties exist with respect to various tax consequences of the Plan as discussed herein. No rulings have been or are expected to be requested from the IRS or any state tax agency concerning any of the tax matters described herein. There can be no assurance that the IRS or any state tax agency will not challenge the positions taken by the Debtor with respect to any of the issues addressed herein or that a court of competent jurisdiction would not sustain such a challenge.*

## VI.    ASSETS AND LIABILITIES OF THE ESTATE

**A.    ASSETS**  The identity and fair market value of the estate's assets are listed in **Exhibit C** so that the reader can assess what assets are at least theoretically available to satisfy claims and to evaluate the overall worth of the bankruptcy estate.  Any proposed sale of these assets is discussed in Section **V.A.2** above.

**B.    LIABILITIES**   Exhibit **B** shows the allowed claims against the estate, claims whose treatment is explained in detail in Sections VIII below.

**C.    SUMMARY**  The fair market value of all assets equals $1,337,354.68 (not including sales proceeds and preferential transfer recovery).  Total liabilities equal $34,378,276.86.

## VII.    TREATMENT OF NONCONSENTING MEMBERS OF CONSENTING CLASS

The Plan must provide that a nonconsenting impaired claimant or interest holder of a consenting class receive at least as much as would be available had the Debtor filed a Chapter 7 petition instead.  In a Chapter 7 case the general rule is that the Debtor's assets are sold by a trustee.  Unsecured claims generally share in the proceeds of sale only after secured creditors and administrative claimants are paid.  Certain unsecured claims get paid before other unsecured claims do.  Unsecured claims with the same priority share in proportion to the amount of their allowed claim in relationship to the total amount of allowed claims.

A claimant would recover from the assets of the bankruptcy estate less under chapter 7 than under chapter 11 for a number of reasons including: (1) for the reasons detailed in **Exhibit C**, the liquidation value of Debtor's assets is less than its fair market value; (2) in a chapter 7 case a trustee is appointed and is entitled to compensation from the bankruptcy estate as reflected in the chart below; and (3) an individual debtor is permitted to exempt a certain amount of the sales proceeds before unsecured claims are paid anything.

| CALCULATION OF ESTIMATED PERCENT RECOVERY | CHAPTER 7 | CHAPTER 11 |
|---|---|---|
| **(a)**  Total value of the Debtor's assets:<br>See **Exhibit C** for a list of all property of the bankruptcy estate, valuations, and valuation methods. | **$2,472,817.70 (assets per schedules + potential preference recovery)** | $4,856,525.49-5,556,525.49 |
| **(b)**  Administrative Expense Claims: | <$4,420,947.64> | <$3,653,492.56 (allowed and includes 10% reduction in claims of Jeff Tinsley, and Debtor's attorneys)> |
| **(c)**  Tax Claims: | <$418,393> | <$3,357.80> |
| **(d)**  Other Unsecured Claims to be Paid Before General Unsecured Claims: | <$215,237.48> | <$44,656.51> |

| | (per schedules) | |
|---|---|---|
| **(e)** Trustee's Fees:  Assuming the chapter 7 trustee disburses the net liquidation value of assets to claimants, § 326 indicates the chapter 7 trustee is entitled to fees of: <br><br> * 25% on the first $5,000 of all moneys disbursed = $1,250, <br> * 10% on any amount over $5,000 but less than $50,000 = $4,500, <br> * 5% on any amount over $50,000 but not in excess of $1 million = $47,500, <br> * 3% on all amounts over $1 million) = $44,184,53, <br><br> **TOTAL TRUSTEE'S FEES =  97,434.53** <br><br> **1,339,187.22** | <$0> | N/A |
| **(f)** New Value | N/A | $205,625 reduction in Jeff Tinsley's administrative claim (see part (b) |
| **(g)** Dollar Amount Available for General Unsecured Claims:  (a) plus (f) minus (b), (c), (d) and (e) = | $0 | $1,146,666.06-$1,846,666.06 |
| **(h)** Dollar Amount of General Unsecured Claims: = | $39,784,365.20 (includes disputed claims; objections by the trustee would increase admin claims and reduce funds for general unsecured creditors) | $30,668,417.43 (estimated allowed claims after objections; see Exhibit B) |
| **(i)** **% recovery on general unsecured claims:** [(g) divided by (h)] x 100% **=** | 0% | 4-6% |

## VIII. PLAN PROVISIONS: TREATMENT OF CLAIMS

Below is a summary of who gets paid what and when and from what source.  The Proponent is usually not required by law to pay the holder of an unsecured claim or interest everything it would otherwise be entitled to, had a bankruptcy case not commenced.

### A. ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES. [§ 365]

1. ☐ There are no executory contracts or unexpired leases.

2. ☐ **Assumption**. The post-confirmation debtor will perform all related obligations whether arising before or after confirmation of the Plan.  Any arrearages arising before confirmation of the Plan will be paid by the first day of the month following the Effective Date unless the parties agree otherwise or the court finds that a longer payment schedule still provides the creditor with timely cure and adequate assurance of future performance.  Obligations that arise after confirmation of the Plan will be paid as they come due.

☐ **Previously Assumed**:

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*    Page 11    **VZ CH11.DISCLSR.PLAN**

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | | DATE OF ORDER TO ASSUME | CURE AMOUNT: Must be paid on Effective Date |
|---|---|---|---|
| (a) | | | $ |
| (b) | | | $ |

☐ **To be Assumed on the Effective Date**.

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | | CURE AMOUNT: Must be paid on Effective Date |
|---|---|---|
| (a) | | $ |
| (b) | | $ |

3.  ☐  <u>**Rejection**</u>. Claims arising from the rejection of an executory contract or unexpired lease are treated as general unsecured claims in CLASS #2, except to the extent the court orders otherwise.  A claim arising from the rejection must be filed no later than 30 days after the date of the order confirming the Plan.

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | |
|---|---|
| (a) | ☐ Rejected: ☐ Order Entered on: <br> ☐ Deemed Rejected on: <br> ☐ To be Rejected on the Effective Date |
| (b) | ☐ Rejected: ☐ Order Entered on: <br> ☐ Deemed Rejected on: <br> ☐ To be Rejected on the Effective Date |

☒ **See Exhibit F** for executory contracts and unexpired leases to be assumed or rejected.

B.  <u>**UNSECURED CLAIMS THAT MUST BE TREATED AS REQUIRED BY § 1129(a)(9)(A) AND § 1129(a)(9)(C), UNLESS A CLAIMANT CONSENTS TO A DIFFERENT TREATMENT.**</u>  §§ 1129(a)(9)(A) and (C) require that certain claims be treated one at a time, rather than as a class.  Even if another claimant votes to accept a lesser treatment, the claims listed below are not altered.  The debtor must prove to the court that claims are either being treated as 1129(a)(9) requires, or that the claimant agreed to some other treatment.

1.  <u>**Administrative Expense Claims**</u> - § 507(a)(2) and § 1129(a)(9)(A). These include: (1) court-approved claims of attorneys and other professionals; and (2) United States trustee fees under 28 U.S.C. chapter 123.

☐   The deadline to file administrative expensive claims is (*date*) _____.

☐   There are no administrative expense claims.

☒   All administrative expense claims ☒ have been filed and/or ☒ are anticipated to be filed, and the claims and amounts indicated below are the amounts requested or anticipated to be requested: See **Exhibit G**.

| Claimant: | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Claim Amount** (less paid to date) <br> ☐ Actual <br> ☐ Estimated | **Interest Rate** (if any) | **Amount Paid on Effective Date** | **Amount Paid After Effective Date** | | | | |
| | | | **Frequency** | **Each Payment** | **Balloon Pymts** | **Term of Payments** | |

| Claim Amount (less paid to date) ☐ Actual ☐ Estimated | Interest Rate (if any) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| $ | % | $ | ☐ Monthly ☐ Quarterly | $ | $ | months |

---

**Claimant:**

| Claim Amount (less paid to date) ☐ Actual ☐ Estimated | Interest Rate (if any) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| $ | % | $ | ☐ Monthly ☐ Quarterly | $ | $ | months |

2. **Tax Claims - § 507(a)(8) and § 1129(a)(9)(C)**. Must be paid in full within 5 years after the Petition Date.

☐ There are no tax claims    ☐ All tax claims have been filed or scheduled, and are indicated below:

**Claimant:** Los Angeles County Tax Collector

| Claim Amount (less paid to date) ☒ Actual ☐ Estimated | Interest Rate (§511) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| $ 3,357.80 | % | $3,357.80 | ☐ Monthly ☐ Quarterly | $ | $ | months |

---

**Claimant:** Internal Revenue Service

| Claim Amount (less paid to date) ☐ Actual ☒ Estimated | Interest Rate (§511) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| $ 0.00 (paid current) | % | $0.00 | ☐ Monthly ☐ Quarterly | $ | $ | months |

☐ **See Exhibit ____** for additional unsecured claims (not listed in VII.C) on which voting is not allowed.

    ☐ **§ 507(a)(2)** – Administrative Expense Claims

    ☐ **§ 507(a)(8)** – Tax Claims

    ☐ **§ 507(a)(3)** – Involuntary Gap Claims Allowed Under § 502(f)

**C. UNSECURED CLAIMS THAT MUST BE TREATED AS REQUIRED BY § 1129(a)(9)(B) – CLASS #1.**
§ 1129(a)(9)(B) requires certain unsecured claims to be treated with priority over general unsecured claims, and pay them in full on the Effective Date or as soon as practicable after unless claimants vote as a class to accept deferred payments. If so, claims are impaired and claimants are entitled to vote to accept or reject the Plan.

☐ There are no claims in CLASS #1.

☒ **CLASS #1a**: § 507(a)(1) - Wage and Commission Claims

**Claimant:**

| Claim Amount (less paid to date) ☒ Actual ☐ Estimated | Interest Rate (if any) | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Pymts | Term of Payments |
| $ 56,964.82 | % | $56,964.82 | ☐ Monthly ☐ Quarterly | $ | $ | months |

☐ **See Exhibit** for additional unsecured claims (not listed above) in Class #1:

    ☐ **CLASS #1(a):** § 507(a)(4) - Wage and Commission Claims

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                    Page 13                                    **VZ CH11.DISCLSR.PLAN**

☐ **CLASS #1(b)**: § 507(a)(5) – Employee Benefit Plan Contribution Claims

☐ **CLASS #1(c)**: § 507(a)(6) – Grain Producer and Fisherman Claims

☐ **CLASS #1(d)**: § 507(a)(7) – Consumer Deposit Claims

**D.** <u>**OTHER UNSECURED CLAIMS**</u> **– CLASS #2**.

☐ There are no claims in **CLASS #2**.

☒ See Exhibit B for a list of all **CLASS #2** claimants and amount owed to each.

1. ☐ <u>**CLASS #2a**</u>:  Nominal Unsecured Claims.  These include "nominal" claims of $_____ or less, and any larger unsecured claims whose claimant agreed to reduce its claim to this amount.  Claimants are **not entitled to vote** to accept or reject the Plan.

   Claimants will be paid the nominal amount on the Effective Date, or as soon as practicable thereafter.  Estimated total payments are $_____.

2. ☒ <u>**CLASS #2b**</u>:  General unsecured claims.  These are unsecured claims not included in **CLASS #2a**, and will be paid as follows.  Claimants are **entitled to vote** to reject or accept the Plan.

   ☐ <u>Percent Plan</u>.  Each claimant in CLASS #2b will be paid _____% of its claim beginning the first relevant date after the Effective Date:

       a.  Over _____ years in equal ☐ monthly ☐ quarterly installments, due on the first day of each calendar month/quarter;

       b.  ☐ with interest at the rate of _____% per annum, or ☐ without interest; and.

       c.  The amount each claimant receives depends on the total amount of allowed claims in this class.

   ☒ <u>Pot Plan</u>.  Each member of CLASS #2b will be paid a pro rata share of a fund estimated between 4-6% of allowed claim or $ <u>182,799.89- 294,392.91</u>, created by the Debtor's payment:

       a.  Pro rata means the entire fund amount divided by the total of all allowed claims in this class.

       b.  Payment amount is $ <u>182,799.89- 294,392.91</u> on the Effective Date (exact amount to be determined after completion of buyer's due diligence).,

       b.  Payments will begin on (*date*): <u>Effective Date.</u>

          ☐ Other: **See Exhibit ____**

3. ☒ <u>**CLASS #2c**</u>:  Unsecured Stipulated Order Claim.  These are unsecured claims not included in **CLASS #2b** because this debt is not similarly situated to the vendor creditors in Class #2b and will be paid as follows.  Claimants are **entitled to vote** to reject or accept the Plan.

   ☒ <u>Pot Plan</u>.  Each member of CLASS #2c will be paid a pro rata share of a fund, estimated between 4-6% of allowed claim or$ <u>963,866.17- 1,552,273.15</u>, created by the Debtor's payment:

       a.  Pro rata means the entire fund amount divided by the total of all allowed claims in this class.

       b.  Payment amount is estimated $ <u>963,866.17- 1,552,273.15</u> on the Effective Date., (exact amount to be determined after completion of buyer's due diligence).

       c.  Payments will begin on (*date*): <u>Effective Date.</u>

**E.** <u>**SECURED CLAIMS**</u> **– CLASS #3, CLASS #4 and Class #5.**

<u>**CLASS #3 - Unimpaired Non-Insider Claims**</u>. Claimants **are not entitled** to vote to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in the property securing the claim.  Treatment is:

☐ There are no claims in CLASS #3.

| ☒ **CLASS #3a** | **Claimant:** De Lage Landen Financial Services, Inc. |
|---|---|
| | **Basis for secured status:** Copier lease agreement |
| | **Priority of lien: 1st** |

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
|---|---|---|---|---|---|---|---|
| | Arrearage being paid on Effective Date and lease being assigned to buyer | % | Effective Date | $ | | $ | |

| Address or Other Description of Collateral Securing Claim 3a: Copier | | |
|---|---|---|
| **Value:** $ | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser <br> ☒ Other: Estimated |

☐ Additional Comments relating to Class #3a:

| ☒ **CLASS #3b** | **Claimant:** Dell Financial Services LLC |
|---|---|
| | **Basis for secured status:** Lease to own server agreement |
| | **Priority of lien: 1st** |

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
|---|---|---|---|---|---|---|---|
| | Arrearage being paid on Effective Date and lease being assigned to buyer | % | | $ | | $ | |

| Address or Other Description of Collateral Securing Claim 3b: | | |
|---|---|---|
| **Value:** $ | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser <br> ☐ Other: |

☐ Additional Comments relating to Class #3b:

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*  Page 15  **VZ CH11.DISCLSR.PLAN**

| ☐ **CLASS #3c** | Claimant: |
| --- | --- |
| | **Basis for secured status:** |
| | **Priority of lien:** |

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
| --- | --- | --- | --- | --- | --- | --- | --- |
| $ | $ | % | | $ | | $ | |

| Address or Other Description of Collateral Securing Claim 3c: | | |
| --- | --- | --- |
| **Value:** $ | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☐ Other: |

☐ Additional Comments relating to Class #3c:

☐ **See Exhibit ____** for more unimpaired secured claims. Label as Class #3d, #3e, etc.

**CLASS #4 - Impaired Non-Insider Claims**. Claimants **are entitled** to vote to accept or reject the Plan.  Until claims are fully paid, claimants retain their interest in the property securing the claim.  Treatment is:

☐ There are no claims in CLASS #4.

| ☐ **CLASS #4a** | Claimant: |
| --- | --- |
| | **Basis for secured status:** |
| | **Priority of lien:** |
| | ☐ Lien is not modified in any way. |
| | ☐ Lien is modified as follows: |

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
| --- | --- | --- | --- | --- | --- | --- | --- |
| $ | $ | % | | $ | | $ | |

| Address or Other Description of Collateral Securing Claim 4a: | | |
| --- | --- | --- |
| **Value:** $ | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☐ Other: |

☐ Additional Comments relating to Class #4a:

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                          Page 16                                          **VZ CH11.DISCLSR.PLAN**

| ☐ **CLASS #4b** | **Claimant:** |
|---|---|
| | **Basis for secured status:** |
| | **Priority of lien:** |
| | ☐ Lien is not modified in any way. |
| | ☐ Lien is modified as follows: |

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
|---|---|---|---|---|---|---|---|
| $ | $ | % | | $ | | $ | |

| **Address or Other Description of Collateral Securing Claim 4b:** | | |
|---|---|---|
| **Value:** $ | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☐ Other: |

☐ Additional Comments relating to Class #4b:

| ☐ **CLASS #4c** | **Claimant:** |
|---|---|
| | **Basis for secured status:** |
| | **Priority of lien:** |
| | ☐ Lien is not modified in any way. |
| | ☐ Lien is modified as follows: |

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
|---|---|---|---|---|---|---|---|
| $ | $ | % | | $ | | $ | |

| **Address or Other Description of Collateral Securing Claim 4c:** | | |
|---|---|---|
| **Value:** $ | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☐ Other: |

☐ Additional Comments relating to Class #4c:

☐ **See Exhibit** _____ for more impaired secured claims. Label as Class #4d, #4e, etc.

**CLASS #5 - Insider Claims**. These are claims of persons defined in 11 U.S.C. §101(31).  Essentially, an insider is a person with a close relationship with the Debtor other than a creditor-debtor relationship.  Treatment is:

☐ There are no claims in CLASS #5.

| ☐ **CLASS #5a** | Claimant: |
| --- | --- |
| | **Basis for secured status:** |
| | **Priority of lien:** |
| | ☐ Lien is not modified in any way. |
| | ☐ Lien is modified as follows: |

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
| --- | --- | --- | --- | --- | --- | --- | --- |
| $ | $ | % | | $ | | $ | |

| Address or Other Description of Collateral Securing Claim 5a: | | |
| --- | --- | --- |
| **Value:** $ | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser<br>☐ Other: |

☐ Additional Comments relating to Class #5a:

☐ **See Exhibit ____** for more insider secured claims. Label as Class #5b, #5c, etc.


**F.** **SHAREHOLDER OR PARTNER INTERESTS**

Jeff Tinsley's interest in the Debtor will be extinguished effective upon transfer of the Debtor's assets.

☐ Under the Plan, Shareholders simply retain their shares of stock.

☐ Shareholders redeem their shares of stock and receive the following consideration:                                      .


☐ Partner's interest(s) in partnership Debtor:
    1.   Each partner's interest in the debtor shall remain as it is now.  The identity of the general partners are:
            . There ☐ are no limited partners                          .
                 ☐ are limited partners and their identities are as follows:                          .

    2.   The interest of ☐ some or ☐ all of the partners changes under the Plan as follows:                          .


☐ The ☐ Articles of Incorporation or ☐ Bylaws have been changed to include a provision prohibiting the issuance of nonvoting equity securities as required by 11 U.S.C. §1123(a)(6).

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                    Page 18                                    **VZ CH11.DISCLSR.PLAN**

**IX.** **UNCLAIMED OR UNDELIVERABLE PLAN DISTRIBUTIONS**. Payments or other distributions made under the Plan that are unclaimed or undeliverable for six (6) months after the attempted distribution will revest in the post-confirmation debtor free of restrictions.  Any entitlement to distribution will be barred.


**X.** **EFFECT OF CONFIRMATION**.

    A.  **General Comments**

The provisions of a confirmed Plan bind the Debtor, any entity acquiring property under the Plan, and any claimant, interest holder, or general partner of the Debtor, even those who do not vote to accept the Plan.

The confirmation of the Plan vests all property of the estate in the Debtor.

The automatic stay is lifted upon confirmation as to property of the estate.  However, the stay continues to prohibit collection or enforcement of pre-petition claims against the Debtor or the Debtor's property until the date the Debtor receives a discharge, if any.  If the Debtor does not seek a discharge, the discharge is deemed denied and the stay as to the Debtor and the Debtor's property terminates on entry of the order confirming the Plan.

    B.  **Discharge of Liability for Payment of Debts; Termination of Rights and Interests of Equity Security Holders and General Partners Provided for by the Plan**

☐ Debtor will seek an order of discharge pursuant to 11 U.S.C. § 1141(d)(5)(C).

☒ Debtor is not eligible for a discharge pursuant to 11 U.S.C. § 1141(d)(3) because:

    ☒ the Plan provides for the liquidation of all, or substantially all, of the property of the estate.

    ☒ the Debtor will not engage in business after consummation of the Plan.

    ☐ the Debtor would be denied a discharge under 11 U.S.C. § 727(a) if the case were a case under chapter 7.

☐ Debtor is a corporate debtor thus pursuant to 11 U.S.C. §1141(d)(5)-(6), "[t]he confirmation of the plan does not discharge the Debtor from any debt of a kind specified in 11 U.S.C. §523(a)(2)(A)-(B) that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of Chapter 37 of title 31 or any similar State statute, or for a tax or customs duty with respect to which the debtor made a fraudulent tax return or willfully attempted in any manner to evade or to defeat such tax or such customs duty."

    C.  **Modification of the Plan**

The Proponent may modify the Plan pursuant to 11 U.S.C. § 1127.

    D.  **Final Decree**

Once the Plan has been consummated, a final decree may be entered upon motion of the Proponent.  The effect of the final decree is to close the bankruptcy case.  After such closure, a party seeking any type of relief relating to a Plan provision can seek such relief in a state court of general jurisdiction.


**XI. LIST OF EXHIBITS AND DECLARATIONS**.

    A.  **MANDATORY**

    **Exhibit A:** Declaration of Jeff Tinsley to support all assertions in this Disclosure Statement, and all information

provided in all other Exhibits.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*       Page 19       **VZ CH11.DISCLSR.PLAN**

**Exhibit B**:       List of all claims (*next to each claim, indicate whether or not the claim is disputed and scheduled or unscheduled, and include the class number*).

**Exhibit C**:       List of all property of the estate (including cash on hand) and going concern and liquidation valuations of all listed property as of the date of plan confirmation.  Include appendices to describe valuation methods such as order entered determining value, declaration of appraiser with approach used, qualifications as expert, etc.  For rental property include average monthly cash flow, deducting for debt service and ordinary, necessary operating expenses for the past three months and the past two years. Estimates of collections and likelihood of collections of accounts receivable and lawsuits should also be provided.

**Exhibit D**:       Projected income, expenses, and plan payments prepared on (*date*) _____, to support that the plan is feasible during the plan term, as referred to in section V.C.  Details include proposed plan payments to be made on the Effective Date and for each month and/or quarter of the Plan Term. Sources and uses of funds and any expense fluctuations are explained.

**Exhibit E**:       Financial records:

☒       Balance sheets, income and expense statements, cash flow statements for the period including the most recent twelve-month calendar year and all months subsequent thereto. Sources and uses of funds and any expense fluctuations are explained.

☐       Evidence of funds constituting the source of funds on the effective date

B.  **OPTIONAL**

☒ **Exhibit F**:       Other Exhibits: Treatment of executory contracts and leases

☒ **Exhibit G**:   Other Exhibits: Administrative Claims

☐ **Exhibit H**:   Other Exhibits:

Date: <u>11/30/23</u>

/s/ Leslie A. Cohen
_____
Signature of attorney for proponent

Leslie A. Cohen, LESLIE COHEN LAW PC
_____
Printed name of attorney for proponent

# **<u>EXHIBIT A</u>**

**EXHIBIT A - DECLARATION IN SUPPORT OF DISCLOSURE STATEMENT AND PLAN**

I, Jeff Tinsley, have personal knowledge of the facts set forth in this declaration.

1.   The name of the individual(s) who prepared this Disclosure Statement and Plan is(are) Anthony Mazzarella.

2.   The source of all financial data is the Debtor's books and records.

3.   All facts and representations in the Disclosure Statement and Plan are true to the best of my knowledge.

4.   No fact has been omitted that is material to a claimant or equity security holder in voting to accept or reject the proposed Plan.

5.   The name of the person(s) who prepared the cash flow projections and the other financial documents is(are) Sam Condoretti (Controller) and Anthony Mazzarella (CFO).

6.   The accounting method(s) used to prepare the cash flow projections and other financial documents is(are) GAP and/or cash basis.

I declare under penalty of perjury under the laws of the United States that the following statements are true and based upon personal knowledge.

Date:  11/30/2023                                      _____

                                                                      Signature of Declarant

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                         Page 21                                   **VZ CH11.DISCLSR.PLAN**

**<u>EXHIBIT B</u>**

| Class | Name | Scheduled as Disputed | Scheduled as Unliquidated | Scheduled as Contingent | Proof of Claim No | Proposed Allowed Tax Priority | Proposed Allowed Secured | Proposed Allowed Priority Unsecured | Proposed Allowed General Unsecured | Disputed General Unsecured | Intend to Object | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tax | Los Angeles County Tax Collector | | | | 1 | 3,357.80 | | | | | | |
| 1a | Annette Howard | | | | | | | $1,980.87 | | | | |
| 1a | PONNUSWAMY PADMANABHAN | | | | | | | $7,741.81 | | | | |
| 1a | PRAVIN GEORGE | | | | | | | $9,500.75 | | | | |
| 1a | Jeffrey Tinsley | | | | | | | $25,433.08 | | | | |
| 1a | ANTHONY MAZZARELLA | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | CHRISTIAN SANTOS | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | DAVID WOLFE | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | DESIREE KINSLEY | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | MINH TRAN | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | RICK BURSKY | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | RONALD AYSON | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | SAM CONDORETTI | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | Sharyn Eles | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | SOMPOP WACHIRALARPPAITOON | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | SRIKANTHCHAKILAM | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 1a | TARUN TYAGI | | | | | | | | | | | Accrued PTO claim not being paid under plan because employee is anticipated to remain employed after sale |
| 2b | Lexis Nexis | | | | 4 | | | | | 630,930.00 | Yes | |
| 2b | Superteamz LTD (Mark Brooks) | Yes | | | 5 | | | | | 9,000.00 | Yes | |
| 2b | 7984391 Canada Inc. From FlexPay | | | | 6 | | | | 12,500 | | | |
| 2b | Seyfarth Shaw LLP | | | | 7 | | | | 169,889.88 | | | |
| 2b | Oracle America Inc. | | | | 9 | | | | 11,779.26 | | | |
| 2b | ART SHAPIRO | Yes | Yes | Yes | 10 | | | | | 2,275,000.00 | Yes | |
| 2b | Mayer Brown LLP | | | | 11 | | | | 132,711.02 | | | |
| 2b | John Bonell | | | | 12 | | | | 21,667.00 | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2b | Monika Cichowlas | | | | 13 | 21,667.00 | | |
| 2b | Joseph Cohen c/o Helen I. Zeldes | Yes | Yes | Yes | 14 | | 1,000,000.00 | Yes |
| 2b | DE Park Avenue 1100, LLC | | | | 15 | 623,613.52 | | |
| 2b | Kristen Schwarze | Yes | Yes | Yes | 16 | | 13,000.00 | Yes |
| 2b | Brion Finlay | Yes | Yes | Yes | 17 | | 4,000,000.00 | Yes |
| 2b | Accertify, Inc. | | | | 19 | 233.75 | | |
| 2b | Google Inc. | | | | 20 | 120,385.30 | | |
| 2b | Employment Development Department | | | | 21 | 533.68 | | |
| 2b | Mark Holbrow | Yes | Yes | Yes | 22 | | 50,000.00 | Yes |
| 2b | NuBreed Digital Media | | | | 23 | 21,083.00 | | |
| 2b | Epstein Becker & Green, P.C. | | | | 26 | 434,933.63 | | |
| 2b | Lesley Kaplan | Yes | Yes | Yes | 28 | | 200,000.00 | Yes |
| 2b | William Bonvie | Yes | Yes | Yes | 29 | | 200,000.00 | Yes |
| 2b | Estate of Deidre Dennis | | | | 30 | | 200,000.00 | Yes |
| 2b | Jeffrey Tinsley (indemnification claim) | | | | 31 | 887,500.00 | | |
| 2b | Maribel Deyerler | | | | 8, 25 | 21,667.00 | | |
| 2b | Jeffrey Tinsley | | | | | $34,965.22 | | |
| 2b | Adswerve, Inc. | | | | | $0.00 | | |
| 2b | Alison Bockius | Yes | Yes | Yes | | $0.00 | | |
| 2b | Amazon Capital Services, Inc. | | | | | $324.05 | | |
| 2b | Angela Faunce | Yes | Yes | Yes | | $0.00 | | |
| 2b | Annette Howard | | | | | $1,435.97 | | |
| 2b | Annette Howard | | | | | $438.94 | | |
| 2b | ANTHONY MAZZARELLA | | | | | $6,564.01 | | |
| 2b | ARDAVAN MOFIDISHIRAZI | Yes | Yes | Yes | | $0.00 | | |
| 2b | AT & T Mobility | | | | | $6,301.00 | | |
| 2b | Aviva Kellman | Yes | Yes | Yes | | $0.00 | | |
| 2b | Barracuda Networks, Inc. | | | | | $49.50 | | |
| 2b | BMS Fiduciary Services LTD (Fast EU Corps) | | | | | $2,216.04 | | |
| 2b | Burr & Forman LLP | | | | | $6,193.50 | | |
| 2b | Catchpoint Systems, Inc. | | | | | $3,016.50 | | |
| 2b | CDW | | | | | -$252.68 | | |
| 2b | Cloudflare, Inc | | | | | $2,400.00 | | |
| 2b | COGENT COMMUNICATIONS, INC | | | | | $625.00 | | |
| 2b | David A. Rancourt | Yes | Yes | Yes | | $0.00 | | |
| 2b | David Madgett | Yes | Yes | Yes | | $0.00 | | |
| 2b | Digital 2260 East El Segundo, LLC | | | | | $17,948.20 | | |
| 2b | DLA Piper LLP (US) | | | | | $1,040,357.41 | | |
| 2b | Doll Amir & Eley LLP | | | | | $15,475.00 | | |
| 2b | Ethoca Limited | | | | | $26,825.00 | | |
| 2b | Fast People Search.com, USPhoneBok.com | | | | | $18,651.33 | | |
| 2b | FedEx | | | | | $70.77 | | |
| 2b | Highmark Companies, LLC | | | | | $14,922.94 | | |
| 2b | Idea Launch, Inc (Growth Rocket) | | | | | $17,703.00 | | |
| 2b | InboxAlly Inc. | | | | | $20,000.00 | | |
| 2b | Industrious National Management Company | | | | | $4,600.00 | | |
| 2b | Integrated Media Technologies, Inc | | | | | $4,755.64 | | |
| 2b | Internap Network Services | | | | | $9,279.27 | | |
| 2b | James Uharriet | Yes | Yes | Yes | | $0.00 | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2b | Jeffrey Tinsley | | | | | | $587,500.00 | | | |
| 2b | Jeffrey Tinsley | | | | | | $1,500.00 | | | |
| 2b | Jody Sectzer | | | | | | $501.50 | | | |
| 2b | Karen Evans | Yes | Yes | Yes | | | $0.00 | | | |
| 2b | Kristina Wuest | Yes | Yes | Yes | | | $0.00 | | | |
| 2b | Microsoft Online, Inc. | | | | | | -$2.25 | | | |
| 2b | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO | | | | | | $8,860.78 | | | |
| 2b | Mississippi Tornado Alley LLC | | | | | | $9,738.24 | | | |
| 2b | Morrison & Foerster LLP | | | | | | $64,326.90 | | | |
| 2b | MX ToolBox, Inc. | | | | | | $330.00 | | | |
| 2b | NakedFront LLC | | | | | | -$0.03 | | | |
| 2b | Neustar Information Services, Inc. | | | | | | $83,333.36 | | | |
| 2b | Nixon Peabody LLP | | | | | | $20,000.00 | | | |
| 2b | One Touch Solutions, Inc. | | | | | | $198.21 | | | |
| 2b | Pitney Bowes | | | | | | -$114.50 | | | |
| 2b | PONNUSWAMY PADMANABHAN | | | | | | $1,435.90 | | | |
| 2b | PRAVIN GEORGE | | | | | | $8,859.33 | | | |
| 2b | PROTIVITI INC | | | | | | $34,615.50 | | | |
| 2b | RAJNISH SINHA | | | | | | $2,275.00 | | | |
| 2b | Sean Whiteley | | | | | | $1,500.00 | | | |
| 2b | State of Delaware | | | | | | $2,320.00 | | | |
| 2b | Telesign Corporation | | | | | | $16.75 | | | |
| 2b | TransUnion Risk and Alternative Data Solutions, True People Search.com dba Free Data Services LLC | | | | | | $37,550.00 | | | |
| 2b | Validity Inc. | | | | | | $1,047.42 | | | |
| 2b | Verifi, Inc. | | | | | | $64,250.00 | | | |
| 2b | Verizon Digital Media Services Inc. | | | | | | $14,662.84 | | | |
| 2b | WageWorks, Inc | | | | | | -$555.43 | | | |
| 2b | Website Movers International, LLC -WSM dba Connectria TopCo, LLC | | | | | | $232.72 | | | |
| 2b | Wells Fargo V Purchasing Card-Diana | | | | | | $4,085.00 | | | |
| 2b | WF Visa Corp. Card - JT | | | | | | $1,794.05 | | | |
| 2b | Wilson Elser Moskowitz Edelman & Dicker LLP | | | | | | $381.85 | | | |
| 2b | Windstream - Paetec | | | | | | $11,628.00 | | | |
| 2b | Wisteria Limited | | | | | | $3,192.99 | | | |
| 2b | WSM International | | | | | | $7,513.76 | | | |
| 2b | WSM International | | | | | | $101.25 | | | |
| 2b | Zaius, Inc. | Yes | | | | | $618.75 | | | |
| 2b | Department of Treasury-IRS | | | | 3 | | $177,750.00 | | 535,865.52 | Yes |
| 2b | Wells Fargo N.A. | | | | 2 | | 2,638.55 | | | |
| 2c | United States of America | | | | 18 | | 25,779,301.34 | | | |
| 3a | De Lage Landen Financial Services, Inc. | | | | 24 | | | | | Arrearages will be cured on Effective Date and assigned to buyer |
| 3b | Dell Financial Services LLC | | | | | | | | | Arrearages will be cured on Effective Date and assigned to buyer |
| | **TOTALS** | | | | | $   3,357.80 | $      - | $   44,656.51 | $ 30,668,417.43 | $ 9,113,795.52 |

**EXHIBIT C**

**Estate Assets**

| Current Asset | Estimated Current Value |
|---|---|
| Cash in accounts | 361,475.20 |
| Credit Card processor reserves | 367,170.00 |
| PayPal reserve | 131,678.44 |
| Lease deposit with Industrious | 6,900.00 |
| Licenses | 129,914.00 |
| Interests in incorporated businesses | 0.00 |
| Lease to own servers (Secured creditor: Dell); Leased copier ) De Lage Landen) a | 358.21 |
| Software patents; MyLife trademark | unknown |
| Domain names | unknown |
| Tax refund (not yet received) | 40,000.00 |
| Employee retention credit (not yet received) | 299,858.83 |
| **TOTAL** | **1,337,354.68** |

# **<u>EXHIBIT D</u>**

| PLAN PROJECTIONS | |
|---|---|

**Funds**

| | |
|---|---|
| Cash on hand | 350,000.00 |
| Tax refund | 40,000.00 |
| Employee retention credit | 299,858.83 |
| Sale Proceeds | 3,000,000 - 3,700,000 |
| Adversary recovery | 1,166,666.66 |
| TOTAL | 4,856,525.49- $5,556,525.49 |

**Disbursements**

| | |
|---|---|
| Cure Payments | 8352.56 |
| Administrative Claims | 3,653,492.56 |
| Tax Claims | 3,357.80 |
| Class 1a | 44,656.51 |
| Class 2b | 182,799.89- 294,392.91 |
| Class 2c | 963,866.17- 1,552,273.15 |
| TOTAL | 4,856,525.49- $5,556,525.49 |

# EXHIBIT E

**Mylife.com, Inc.**
## Balance Sheet
## December 31, 2022

| | |
|---|---:|
| ASSETS | |
| Current Assets | |
| Bank | $141,685 |
| Other Current Asset | $1,707,012 |
| Total Current Assets | $1,848,697 |
| Fixed Assets | |
| 1500 - Tangible Fixed Assets | $5,940,718 |
| 1550 - Capitalized Product Development | $4,281,795 |
| 1570 - Intangibles | $11,456,300 |
| 1600 - Accumulated Depreciation | ($10,175,281) |
| 1670 - Accumulated Amortization | ($10,091,610) |
| Total Fixed Assets | $1,411,922 |
| Other Assets | |
| 1710 - Lease Deposit-LT | 105,757 |
| 2410 - Deferred Tax Asset  - Federal | ($192,180) |
| 2420 - Deferred Tax Asset  - State | 2,049,195 |
| Total Other Assets | $1,962,772 |
| Total ASSETS | $5,223,390 |
| Liabilities & Equity | |
| Current Liabilities | |
| Accounts Payable | $4,246,407 |
| Other Current Liability | $17,816,655 |
| Total Current Liabilities | $22,063,062 |
| Long Term Liabilities | |
| 2800 - Deferred Liabilities - Long Term | $65,012 |
| Total Long Term Liabilities | $65,012 |
| Equity | |
| 3100 - Common Stock | 925 |
| 3200 - Preferred Stock | 30 |
| 3300 - Additional Paid-In Capital | 3,345,224 |
| Retained Earnings | ($19,813,135) |
| Net Income | (437,727) |
| Total Equity | ($16,904,683) |
| Total Liabilities & Equity | $5,223,390 |

**Mylife.com, Inc.**
## Income Statement
## December 31, 2022

| | |
|---|---:|
| Income | |
| 4100 - Subscription Revenue | $17,081,232 |
| 4300 - Other Revenue | $551 |
| Total - Income | $17,081,783 |
| Cost Of Sales | |
| 5100 - Cost of Subscription Revenue | $7,560,413 |
| 5300 - Cost of Other Revenue | $6,201 |
| Total - Cost Of Sales | $7,566,614 |
| Gross Profit | $9,515,169 |
| Expense | |
| 6000 - Marketing and Advertising | $549,886 |
| 7000 - Payroll and Benefits | $5,535,166 |
| 7500 - Facilities | $402,750 |
| 8000 - Office Expenses, Insurance & Equip | $778,684 |
| 8400 - Professional Services | $2,202,821 |
| 8500 - Travel and Entertainment | $38,390 |
| 8900 - Other Operating Expense | $389,515 |
| 9100 - Depreciation | $44,564 |
| 9200 - Amortization | $11,313 |
| Total - Expense | $9,953,088 |
| Net Ordinary Income | ($437,919) |
| Other Income and Expenses | |
| Other Income | |
| 9580 - Other Income | $8,292 |
| Total - Other Income | $8,292 |
| Other Expense | |
| 9800 - Interest Expense | $5,780 |
| 9900 - Income Taxes | $2,320 |
| Total - Other Expense | $8,100 |
| Net Other Income | $192 |
| Net Income | ($437,727) |

**Mylife.com, Inc.**
## Balance Sheet
## October 31, 2023

| | |
|---|---:|
| ASSETS | |
| Current Assets | |
| Bank | $164,667 |
| Other Current Asset | $1,163,398 |
| Total Current Assets | $1,328,065 |
| Fixed Assets | |
| 1500 - Tangible Fixed Assets | $5,940,718 |
| 1550 - Capitalized Product Development | $4,281,795 |
| 1570 - Intangibles | $11,456,300 |
| 1600 - Accumulated Depreciation | ($10,204,950) |
| 1670 - Accumulated Amortization | ($10,096,457) |
| Total Fixed Assets | $1,377,405 |
| Other Assets | |
| 1710 - Lease Deposit-LT | 105,757 |
| 2410 - Deferred Tax Asset  - Federal | ($192,180) |
| 2420 - Deferred Tax Asset  - State | 2,049,195 |
| Total Other Assets | $1,962,772 |
| Total ASSETS | $4,668,242 |
| Liabilities & Equity | |
| Current Liabilities | |
| Accounts Payable | $4,672,828 |
| Other Current Liability | $18,432,275 |
| Total Current Liabilities | $23,105,103 |
| Long Term Liabilities | |
| 2800 - Deferred Liabilities - Long Term | $65,012 |
| Total Long Term Liabilities | $65,012 |
| Equity | |
| 3100 - Common Stock | 925 |
| 3200 - Preferred Stock | 30 |
| 3300 - Additional Paid-In Capital | 3,345,224 |
| Retained Earnings | ($20,250,862) |
| Net Income | (1,597,189) |
| Total Equity | ($18,501,872) |
| Total Liabilities & Equity | $4,668,242 |

**Mylife.com, Inc.**
# Income Statement
## Through October 31, 2023

| | |
|---|---:|
| Income | |
| 4100 - Subscription Revenue | $3,877,073 |
| Total - Income | $3,877,073 |
| Cost Of Sales | |
| 5100 - Cost of Subscription Revenue | $1,903,390 |
| Total - Cost Of Sales | $1,903,390 |
| Gross Profit | $1,973,683 |
| Expense | |
| 6000 - Marketing and Advertising | $1,820 |
| 7000 - Payroll and Benefits | $3,119,724 |
| 7500 - Facilities | $55,309 |
| 8000 - Office Expenses, Insurance & Equip | $318,648 |
| 8400 - Professional Services | $13,109 |
| 8500 - Travel and Entertainment | $485 |
| 8900 - Other Operating Expense | $19,479 |
| 9100 - Depreciation | $29,669 |
| 9200 - Amortization | $4,848 |
| Total - Expense | $3,563,091 |
| Net Ordinary Income | ($1,589,408) |
| Other Income and Expenses | |
| Other Expense | |
| 9800 - Interest Expense | $7,761 |
| 9900 - Income Taxes | $20 |
| Total - Other Expense | $7,781 |
| Net Other Income | ($7,781) |
| Net Income | ($1,597,189) |

# EXHIBIT F

**Assumption and Rejection of Executory Contracts and Leases**

| OTHER PARTY TO CONTRACT | STATUS/INTENT |
|---|---|
| Accertify | Terminated pre-petition; Currently disputed and will object to claim |
| Adswerve | Terminated post-petition; reject |
| Algolia | Terminated post-petition; reject |
| Catchpoint | Terminated post-petition; reject |
| De Lage Landen Financial Services, Inc. | Anticipated to be assumed and assigned as part of sale |
| Dell Financial Services | Anticipated to be assumed and assigned as part of sale |
| Digital Realty Trust | Anticipated to be assumed and assigned as part of sale |
| iOPEX | Rejected by Court order |
| Lexis Nexis | Terminated; Currently disputed and will object to claim |
| Neustar Information Services, Inc. | Terminated pre-petition; reject |
| Oracle | Anticipated to be assumed and assigned as part of sale |
| Windstream | Terminated post-petition; reject |

# EXHIBIT G

**ADMINISTRATIVE AND SUPER PRIORITY CLAIMS**

| Vendor | Undisputed Claims | Disputed Claims | Notes |
|---|---|---|---|
| Accertify, Inc. | | 49,583.33 | |
| Adswerve, Inc. | 25,000.00 | | |
| ALGOLIA, INC. | 74,603.37 | | |
| Amazon Capital Services, Inc. | 83.14 | | |
| Amazon Web Services, Inc | 8,489.53 | | |
| AT & T Mobility | 491.41 | | |
| Barracuda Networks, Inc. | 99.00 | | |
| BPM LLP | 9,082.00 | | |
| Burr & Forman LLP | | 6,741.50 | |
| Catchpoint Systems, Inc. | 3,016.50 | | |
| COGENT COMMUNICATIONS, INC | 1,250.00 | | |
| Commutifi | 0.00 | | |
| Connectria, LLC | 16,731.17 | | |
| Digital 2260 East El Segundo, LLC dba Digital Realty Trust, LP | 133,721.04 | | |
| DLA Piper LLP (US) | | 6,801.65 | |
| Doll Amir & Eley LLP | | 55.00 | |
| EdgeCast Inc. | 7,289.25 | | |
| Employment Development Department | 23,490.66 | | Claim filed |
| Ethoca Limited | 66,425.00 | | |
| Extra Space 1987 | 358.10 | | |
| Fast People Search.com, USPhoneBok.com dba Mississippi Tornado Alley LLC | 9,738.24 | | |
| FedEx | 148.09 | | |
| First Insurance Funding Corp | 0.00 | | |
| Google Inc. | 21,004.73 | | |
| Hartford Group | 794.24 | | |
| Humana Dental Ins Co. | 1,985.82 | | |
| Integrated Media Technologies, Inc | 0.00 | | |
| iOPEX Technologies, Inc. | 288,959.00 | | |
| Jeff Tinsley (post petition indemnification claim through confirmation)* | 1,850,625.00 | | Motion filed |
| Jody Sectzer | 956.00 | | |
| John McNabb | 212.09 | | |
| Kilpatrick Townsend & Stockton, LLP | | 6,690.00 | |
| Larson LLP - approved and due* | 184,871.30 | | |
| Larson LLP - estimated fees through confirmation* | 135,000.00 | | |
| Leslie Cohen Law PC - approved and due* | 101,599.47 | | |
| Leslie Cohen Law PC - estimated fees through confirmation* | 135,000.00 | | |
| Lexis Nexis | | 2,046,112.00 | filed as Claim 27 |
| McGuire Law, P.C. | | 43,332.66 | |
| Morrison & Foerster LLP | | 350.00 | |
| Neustar Information Services, Inc. | 20,833.34 | | |
| New Tangram LLC dba Tangram | 362.88 | | |
| Nixon Peabody LLP | | 10,000.00 | |
| NTHPHASE SOFTWARE SOLUTIONS Pvt Ltd | 71,064.00 | | |
| One Touch Solutions, Inc. | 656.84 | | |
| Oracle America Inc. | 22,284.52 | | |
| Pitney Bowes | 11.09 | | |
| Pitney Bowes Global Financial Svs LLC | 18.44 | | |
| Port53 Technologies, Inc | 0.00 | | |
| State of Delaware | 2,320.00 | | |
| Court-approved Super Priority Loan | 406,000.00 | | |
| Telesign Corporation | 9.52 | | |
| Tiggee, LLC | 0.00 | | |
| TransUnion Risk and Alternative Data Solutions, Inc. | 0.00 | | |
| TrustedSite LLC | 1,967.60 | | |
| Tyler Barnett PR LLC | 4,000.00 | | |

| | | |
|---|---:|---:|
| Unitas Global Inc. | 9,139.00 | |
| Verifi, Inc. | | 99,460.94 |
| Vision Service Plan | 310.62 | |
| Vital Records Holding, LLC | 0.55 | |
| W. Beaumont LLC | | 21,666.34 |
| WageWorks, Inc | 216.00 | |
| Website Movers International, LLC -WSM dba Connectria TopCo, LLC | 720.00 | |
| Wilson Elser-Art Shapiro Case | | 11,742.00 |
| Windstream - Paetec | 4,664.01 | |
| Wingify Software Private Limited | 6,000.00 | |
| Wisconsin Department of Revenue | 20.00 | |
| Wisteria Limited | | 168.00 |
| Woodruff-Sawyer & Co. | 1,870.00 | |
| **TOTAL** | **3,653,492.56** | **2,302,703.42** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1615-A Montana Avenue, Santa Monica, CA 90403

A true and correct copy of the foregoing document entitled: **CHAPTER 11 DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION [11 U.S.C. §§ 1123, 1125]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/30/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Julian K Bach    Julian@Jbachlaw.com, julianbach@sbcglobal.net
Paul A Beck    pab@pablaw.org, raychael@pablaw.org
Shraddha Bharatia    notices@becket-lee.com
Bradley E Brook    bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com
Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Jamie P Dreher    jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
Arthur A Greenberg    agreenberg@gblawllp.com, mkerpik@gblawllp.com
Dare Law    dare.law@usdoj.gov
Leah Victoria Lerman    leah.v.lerman@usdoj.gov
Jeremy H Rothstein    jrothstein@gblawllp.com, msingleman@gblawllp.com;rsoll@gblawllp.com
Jolene Tanner    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Christopher VanDeusen    christopher.k.vandeusen@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/30/23, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Office of the United States Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/30/23 | Clare Hendricks | /s/ Clare Hendricks |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---