KIRK T. MANHARDT
TERRANCE A. MEBANE
LEAH V. LERMAN
CHRISTOPHER K. VANDEUSEN
leah.v.lerman@usdoj.gov
**U. S. DEPARTMENT OF JUSTICE
CIVIL DIVISION**
P. O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
(202) 307-0452

Counsel for the United States of America

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

In re

MYLIFE.COM, INC.,
        Debtor.

Case No. 2:22-bk-14858-VZ

Chapter 11 Proceeding

**THE UNITED STATES OF AMERICA'S NOTICE OF OBJECTION TO LODGED ORDER APPROVING STIPULATION ASSUMING EXECUTORY CONTRACT WITH DELL FINANCIAL SERVICES LLC AND ADMINISTRATIVE CLAIM; MEMORANDUM IN SUPPORT**

Hearing Date: hearing was not conducted

Location: Courtroom 1386

      **255 E. Temple Street**

      Los Angeles, CA 90012

To the Honorable Vincent Zurzolo, United States Bankruptcy Judge, the Debtor, Dell Financial Services LLC, and all interested parties:

PLEASE TAKE NOTICE that the United States of America will and hereby does oppose the lodged order approving Stipulation Assuming Executory Contract with Dell Financial Services LLC and Administrative Claim (Dkt. 336). The basis for this objection is set forth in the attached memorandum of points and authorities, the pleadings and record in this case, and all other evidence properly presented to the Court.

DATED: January 17, 2024    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

/s/ Leah V. Lerman
KIRK T. MANHARDT
TERRANCE A. MEBANE
LEAH V. LERMAN
CHRISTOPHER K. VANDEUSEN
Commercial Litigation Branch
Civil Division
U. S. Department of Justice

Counsel for the United States of America

# MEMORANDUM OF POINTS AND AUTHORITIES

The Debtor's Stipulation Assuming Executory Contract with Dell Financial Services LLC and Administrative Claim (Dkt. 336) (the "Stipulation") is objectionable for the reasons described below, and the lodged order granting it should not be entered.

## I. Background

On September 2, 2022 ("Petition Date"), MyLife filed a chapter 11 petition in bankruptcy. Dkt. 2.

The United States of America (the "United States") is a creditor to whom the Debtor is indebted in an amount exceeding $25 million.  See Proof of Claim 18.

On December 21, 2023, the United States Trustee's office filed a motion to dismiss this case, or in the alternative, for conversion or the appointment of a chapter 11 trustee. Dkt. 318.  A hearing on this motion has been set for February 8, 2024.

The Debtor filed a plan of liquidation (the "Plan") and a disclosure statement on November 30, 2023. Dkt. 308. The Plan's feasibility relies on a future sale of the Debtor's assets, but, as of this date, no sale motion has been filed.

On January 4, 2024, the Debtor filed several replies in support of approval of its disclosure statement (collectively, the "Reply"). Dkts. 331 – 333. Therein, the attached exhibit state that the proposed buyer needs to perform due diligence and determine which executory contracts to be assigned, among other conditions.

On January 10, 2024, the Court denied, without oral argument, the Debtor's motion for approval of its disclosure statement, stating it would issue an opinion and order setting a new date and to show cause why this case should not be dismissed.

On January 11, 2024, the Debtor filed the Stipulation and lodged an order for its approval. The Debtor did not file a motion to approve the Stipulation and did not notice it for hearing.

The Stipulation seeks to (1) assume an executory contract with Dell Financial Services LLC (the "Dell Contract"), (2) settle claims by waiving preference actions, and (3) grant an administrative priority claim.

## II. Argument

The lodged order is objectionable because the Stipulation contains inaccurate factual recitations and terms, settles claims without satisfying the elements of Federal Rule of Bankruptcy Procedure 9019, and is premature and may not provide benefit to the estate as no buyer has yet been identified.

### A. The Stipulation is Factually Inaccurate

The Stipulation refers to the Debtor's reorganization and an anticipated plan of reorganization being confirmed by January 31, 2024. Stipulation at 3 - 4. However, the Debtor's proposed Plan is one of liquidation and certainly no reorganization plan will be confirmed by January 31, 2024. It is unclear what the Debtor means by these terms in the Stipulation and will cause confusion among creditors and postpetition vendors.

The discussion of plan reorganization in the Stipulation directly contradicts the filed Plan and creates confusion. For this reason, the lodged order cannot be entered.

### B. The Stipulation Attempts to Settle Claims Without Satisfying Rule 9019 Requirements

The Stipulation requires the Debtor to waive any actions under chapter 5 of the bankruptcy Code it may have against Dell Financial Services LLC. Stipulation at 4. This effectively settles preference claims without proving such settlement meets the requirements of Rule 9019. Courts have held that "the fair and equitable **settlement** standard under Rule 9019 requires consideration of: (1) probability of success in the litigation; (2) collectability; (3) complexity, expense, inconvenience, and delay attendant to continued litigation; and (4) the interests of creditors, which are "paramount." *In re Fitzgerald*, 428 B.R. 872, 884 (9th Cir. B.A.P. 2010) (*citing Martin v. Kane (In re A & C Props.),* 784 F.2d 1377, 1381 (9th Cir.1986)).

Creditors should have the opportunity to review a proposed settlement by motion practice; thus, the lodged order should not be entered.

### C. The Stipulation is Premature and May Not Benefit the Estate

Without a confirmed buyer for the Debtor's assets, it is premature for the Debtor to assume the Dell Contract. According to the Reply, the proposed buyer has not yet determined which

contracts it desires, and thus at this juncture no executory contracts should be assumed. The assumption of an executory contract by a liquidating debtor simply creates an administrative claim for the estate which may be left behind for the estate to pay if the buyer elects not to have the executory contract assigned to it.

Although Dell Financial Services LLC may have a cognizable claim for administrative priority and ordinary course defenses to a potential preference action, the Debtor should be required to put on its proof on such issues—or, at a minimum, explain how the relief sought in the Stipulation is appropriate by filing a motion and brief.

Similarly, the payment of an administrative claim in a case which may be administratively insolvent is inequitable to other claimants and may create the need for clawback and further litigation. It is inappropriate to authorize assumption prior to an approved buyer identifying the Dell Contract for assignment. The lodged order should not be entered.

### III. Conclusion

For the reasons stated above, the lodged order approving the Stipulation should not be entered at this time. The United States has not submitted an alternative order as it lacks sufficient facts to determine what order, if any, may be appropriate.

DATED: January 17, 2024            Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

/s/ Leah V. Lerman
KIRK T. MANHARDT
TERRANCE A MEBANE
LEAH V. LERMAN
CHRISTOPHER K. VANDEUSEN
Commercial Litigation Branch
Civil Division
U. S. Department of Justice
P. O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
(202) 307-0452

ATTORNEYS FOR THE UNITED STATES OF AMERICA