James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC
915 Wilshire Boulevard, Suite 1775
Los Angeles, California 90017
Phone:   213-368-5000
Fax:     213-368-5009

Attorneys for Chapter 7 Trustee,
Carolyn A. Dye

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MY LIFE.COM, INC.,<br><br>　　　　　Debtor. | Case No.: 2:22-bk-14858-VZ<br><br>Chapter 7<br><br>[Honorable Vincent P. Zurzolo]<br><br>**TRUSTEE'S MOTION AND NOTICE OF HEARING FOR ORDER AUTHORIZING SALE OF THE PERSONAL PROPERTY OF THE ESTATE, CONSISTING OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF INTERESTS, SUBJECT TO HIGHER AND BETTER OFFERS, AND APPROVING OVERBIDDING PROCEDURES**<br><br>Date:   April 16, 2024<br>Time:   10:30 a.m.<br>Place:   255 E. Temple Street<br>　　　　Courtroom 1368<br>　　　　Los Angeles, CA 90012 |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY**

**JUDGE, THE DEBTOR, AND OTHER INTERESTED PARTIES:**

　　**PLEASE TAKE NOTICE** that on <u>April 16, 2024, at 10:30 a.m.</u>, a hearing will be held in

Courtroom 1368 before the Honorable Vincent P. Zurzolo, United States Bankruptcy Judge, in the

---

TRUSTEE'S MOTION AND NOTICE OF HEARING FOR ORDER AUTHORIZING SALE OF THE PERSONAL PROPERTY OF THE ESTATE, CONSISTING OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF INTERESTS, SUBJECT TO HIGHER AND BETTER OFFERS, AND APPROVING OVERBIDDING PROCEDURES

1  United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, California to consider
2  the motion of the Chapter 7 Trustee herein, Carolyn A. Dye ("Trustee"), for an order authorizing the
3  sale of the estate's rights, title and interest in the personal property of the debtor, MyLife.com,
4  ("Debtor") as described in the Asset Purchase Agreement attached to the concurrently filed Motion
5  for Sale.
6        Carolyn A. Dye, ("Trustee") the duly appointed, qualified and acting Chapter 7 Trustee of the
7  estate of MY LIFE.COM (the "Debtor"), hereby moves this Court for authority pursuant to 11 U.S.C.
8  Section 363(b)(1) to sell all of the estate's rights, title and interest in personal property of the Debtor
9  as described in the Asset Purchase Agreement attached to the Declaration of Carolyn A. Dye as
10 Exhibit "A," ("APA"), and consisting of substantially all of the non-cash assets of the Debtor, for the
11 sum of One Million Three Hundred Thousand Dollars ($1,300,000) ("Purchase Price"). The Purchase
12 Price shall have been paid by the proposed purchaser, Shilton Investments, Inc., or its nominee, in
13 full to the Trustee and deposited in the estate's account. In connection therewith, the Trustee asks that
14 the Court find that the sale is free and clear of any interest in the subject assets in favor of a non-
15 debtor entity pursuant to 11 U.S.C. §363(f) and to find that the proposed Buyer is a good faith
16 purchaser for purposes of 11 U.S.C. §363(m).
17       This Motion is made on the grounds that the sale is in the best interest of the estate, that it is
18 an exercise of Trustee's reasonable business judgment, and that the sales price for the property is fair
19 and reasonable.  The Motion is based upon 11 U.S.C. Section 363 and Rules 2002, 6004, and 6006 of
20 the Federal Rules of Bankruptcy Procedure, the Notice of Motion which is being served upon all
21 interested parties, the Memorandum of Points and Authorities and Declarations of Carolyn A. Dye,
22 Albert Shilton, Geoffrey Barker, and Anthony Mazzarella attached hereto, the records and files in this
23 case, and such oral and documentary evidence as may be presented at or prior to the hearing on the
24 Motion.  The Trustee has accepted this offer subject to overbid and bankruptcy court approval.
25       Trustee proposes to sell the Property to Shilton Investments, Inc., and/or assignee
26 (collectively the "Buyer") for a total consideration of One Million Hundred Thousand Dollars
27 ($1,300,000). The buyer shall pay the entire Purchase Price and the sale is to close between fifteen
28 (15) and twenty-one (21) days after the entry of a sale order approving the sale.  The sale is on an "as

is - where is" basis.  The sale is subject to Bankruptcy Court approval which shall necessarily include an overbid process.  There are no broker commissions that need to be paid in connection with the sale.  The overbid procedures are as follows:

    a.    <u>Minimum Overbids</u>.  The minimum overbid for the assets shall be $50,000 above the present offer and any subsequent overbids shall be at least $25,000 over the preceding offer.

    b.    <u>Overbid Deposit.</u>  An overbid deposit of $100,000 shall be paid two (2) business days before the first scheduled hearing on this motion. The overbid payment shall be by cashier's check payable to "Carolyn A. Dye ATF MyLife.com, Inc." **The deposit will be non-refundable if the overbid is accepted, and the sale does not close within fifteen (15) days of the date on which the Order approving the sale of the Property is entered by the Court.**

    c.    **<u>Overbidders are requested to submit to the Trustee, not later than two (2) business days before the hearing on the within motion, not only the cashier's check for the required deposit, but evidence of the ability to timely pay the balance of the purchase price and a declaration as to whether overbidders propose involvement by the Debtor's CEO, Mr. Jeffrey Tinsley, in the post-sale company's operations and whether the overbidders have any prior connection to the Debtor or Mr Tinsley.</u>**  The Trustee will promptly advise any proposed overbidder of disapproval of qualifications, giving the overbidder an opportunity to correct the deficiency.  Included among the grounds for disqualification could be a determination by the Trustee that the Buyer would not be entitled to receive the assets free and clear of the Stipulated Order or that the Buyer would be unlikely to be determined to be a good faith purchaser within the meaning of 11 U.S.C. §363(m). At the time of the submission of this motion, the Trustee does not believe that the mere involvement of Mr. Tinsley in some capacity would be grounds for disqualification per se but information could come to her attention between now and the hearing date which could change her mind. The Trustee will exercise her discretion in deciding whether a party is a qualified overbidder but a party who the Trustee deems to be unqualified can seek to persuade the Court to the contrary through the submission of argument and evidence in pleadings and/or at the sale hearing. At the same time, even if the Trustee herself deems a party to be a qualified bidder, any party in interest can seek to persuade the Court to the contrary. If an overbidder is not the successful bidder at the hearing on

the within motion, the overbid deposit shall be refunded by the trustee within twenty-four hours of the conclusion of the hearing.

      d.      Any overbid shall be an offer to purchase the assets on a "as-is - where is" basis and shall contain no conditions, contingencies or addendum in addition to those contained in the terms agreed to between Trustee and Buyer and presented to this Court.

      e.      All due diligence investigations shall be conducted prior to the sale hearing.

      f.      At the conclusion of the hearing on the Motion, the Court shall determine the highest and best offer for the assets, and the Trustee shall proceed to consummate the sale of the assets in accordance with such offer to the highest bidder without further notice to creditors or hearing before this Court.

      g.      The overbidder's deposit is non-refundable in the event that Court confirms the sale and, for any reason whatsoever, the overbidder fails to close the sale timely.  The overbidding party will be bound by all of the terms of sale proposed in this Motion (as incorporated by reference in the sales contract) except as to price, without contingencies of any kind, including financing contingencies, and shall close the escrow no more than fifteen (15) business days after the entry of the order approving the Motion.

      h.      The Trustee also proposes that the Court confirm a backup buyer so that, in the event that the successful bidder does not close within fifteen (15) days after the entry of the order approving the Motion, the Trustee may retain the deposit of the original successful buyer as liquidated damages and sell the Property to the back-up buyer for the amount of the backup bid.

      i.      The Trustee also seeks a ruling that the party to whom the Court confirms the sale and any backup buyers are good faith purchasers for purposes of 11 U.S.C. §363(m).

You may request a complete copy of this Motion and Memorandum of Points & Authorities filed concurrently from
    James A. Dumas
    DUMAS & KIM, APC
    915 Wilshire Blvd., Ste. 1775
    Los Angeles, CA 90017
    (213) 368-5000
    jdumas@dumas-law.com

A complete copy of the Motion and Memorandum of Points & Authorities is also on file with the Clerk of the Court and may be viewed

at the United States Bankruptcy Court, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion or the proposed sale must be made in writing and filed with the Court no later than fourteen (14) days prior to the hearing in conformity with Local Bankruptcy Rule 9013-1(f), and consist of a written statement of all reasons in opposition, an answering Memorandum of Points and Authorities, declarations, and documentary evidence on which the responding party intends to rely.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013(h), any objection not timely filed and served may be deemed by the Court to be consent to the relief requested and may result in the Court's issuance of an order without further notice or hearing.

Dated: March 26, 2024              DUMAS & KIM, APC

                                   By: */s/ James A. Dumas*
                                       James A. Dumas, Attorneys for Chapter 7
                                       Trustee, Carolyn A. Dye

| In re: MYLIFE.COM | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:22-bk-14858-VZ |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 915 Wilshire Blvd., Ste. 1775, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): **Trustee's Motion and Notice of Hearing for Order authorizing Sale of personal property of the Estate, Consisting of Substantially all of the Debtor's Assets Free and Clear of Liens and Interests, Subject to Higher and Better Offers, and Approving Overbidding Procedures; Memorandum of Points and Authorities and Declarations of Carolyn A. Dye, Albert Shilton, GeoffreyBarker, and Anthony Mazzarella in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 26, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Julian K Bach     Julian@Jbachlaw.com, julianbach@sbcglobal.net
Paul A Beck     pab@pablaw.org, raychael@pablaw.org
Shraddha Bharatia     notices@becket-lee.com
Bradley E Brook     bbrook@bbrooklaw.com, paulo@bbrooklaw.com; brookecfmail@gmail.com
Shawn M Christianson     cmcintire@buchalter.com, schristianson@buchalter.com
Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; clare@lesliecohenlaw.com
Jamie P Dreher     jdreher@downeybrand.com, mfrazier@downeybrand.com; courtfilings@downeybrand.com
James A Dumas     jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com
Arthur A Greenberg     agreenberg@gblawllp.com, mkerpik@gblawllp.com
Christian T Kim     ckim@dumas-law.com, ckim@ecf.inforuptcy.com
Dare Law     dare.law@usdoj.gov, ron.maroko@usdoj.gov
Leah Victoria Lerman     leah.v.lerman@usdoj.gov
Kelly L Morrison     kelly.l.morrison@usdoj.gov
Jeremy H Rothstein     jrothstein@gblawllp.com, msingleman@gblawllp.com
David Samuel Shevitz     David.S.Shevitz@usdoj.gov
Jolene Tanner     jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Christopher VanDeusen     christopher.k.vandeusen@usdoj.gov
Hatty K Yip     hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **March 26, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 26, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Howard M Ehrenberg     ehrenbergtrustee@sulmeyerlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **March 26, 2024** | Danielle M. Landeros | */s/ Danielle M. Landeros* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012     **F 9013-3.1.PROOF.SERVICE**