1  James A. Dumas (SBN 76284)
   Christian Kim (SBN 231017)
2  DUMAS & KIM, APC
   915 Wilshire Boulevard, Suite 1775
3  Los Angeles, California 90017
   Phone:   213-368-5000
4  Fax:      213-368-5009
   Email: jdumas@dumas-law.com;
5  ckim@dumas-law.com

6  Attorneys for Chapter 7 Trustee,
   Carolyn A. Dye

**FILED & ENTERED**

**MAY 09 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY johnson   DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

MY LIFE.COM, INC.,

Debtor.

Case No.: 2:22-bk-14858-VZ

Chapter 7

[Honorable Vincent P. Zurzolo]

**ORDER GRANTING TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF THE PERSONAL PROPERTY OF THE ESTATE**

Date:   May 7, 2024
Time:   11:00 a.m.
Place:  United States Bankruptcy Court
255 E. Temple St., Courtroom 1368
Los Angeles, CA 90012

The Court has considered the motion (the "Motion")[1] of the Trustee, Carolyn A. Dye, for an

Order Approving the Sale of Personal Property of the Debtor, Consisting of Substantially All of Its

Assets, Free and Clear of Interests, and Approving Overbidding Procedures, and has previously

entered an order pursuant to stipulation continuing the hearing on the final approval of the sale until

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

1    May 7, 2024 at 11:00 a.m. (Docket No. 398), and a separate order with respect to the bidding

2    procedures (Docket No. 417). Written Objections to the motion were filed, respectively, by the

3    United States of America ("USA") and LexisNexis Risk Solutions FL ("LN"). The Objection of the

4    USA has been resolved by an agreement between the Trustee, the proposed Buyer, and the USA

5    whereby certain provisions have been added to the within Order as set forth below in Section II. The

6    Objection of LN has likewise been resolved by agreement whereby requested language has been

7    added to the within order confirming that LN data and other assets shall not be transferred to the

8    Buyer. The notice of the Motion was proper and adequate, and all creditors and other parties in

9    interest, whether or not present at the hearing, were provided a full and complete opportunity to be

10    heard in connection with the Motion.

11          On May 7, 2024, at 11:00 a.m. the matter came on for hearing. Appearances were as noted on

12    the record. The Trustee represented that there has been no overbidder, qualified or otherwise. Counsel

13    for the buyer, USA, and LN, the only parties who filed objections to the sale, each confirmed that

14    they have reviewed the within order and approve of its contents. The Court having considered the

15    Motion and related pleadings, the arguments of counsel, and for all the reasons stated in the record of

16    the proceedings and such other matters as the Court deemed appropriate and good cause appearing

17    therefor,

18    **IT IS HEREBY ORDERED THAT:**

19          **I.**        **Approval of Sale Free and Clear**

20          1.        The Asset Purchase Agreement the ("APA") attached as Exhibit B to the Motion is

21    approved.

22          2.        The Trustee is authorized to sell the personal property identified in the APA (the

23    "Property") on the terms and conditions set forth in the APA to Shilton Investments, Inc. and/or its

24    permitted designee, including the entity that will own and operate the assets and business being sold

25    per the Motion ("Buyer").

26          3.        The Trustee is authorized to execute any and all documents as may be reasonable and

27    necessary to consummate the proposed sale.

28

4.      The sale shall be free and clear of all liens, claims, interests, and encumbrances including the Stipulated Order for Permanent Injunction (the "Stipulated Order") in favor of the United States of America (the "USA") entered in the case of United States of America v. Mylife.com, Inc., et al., Case No. 2:20-cv-06692-JFW in the United States District Court for the Central District of California, as well as any liens, encumbrances, claims, and other interest of any kind whatsoever, within the meaning of 11 U.S.C. §363(f); provided, however, Buyer shall be bound by certain portions of the Stipulated Order upon certain circumstances as described below in Section II. Further, the sale does not include, and Buyer shall not receive, any data, services, assets or other information of any nature received or obtained by Debtor pursuant to the Risk Solutions Reseller Agreement effective April 8, 2011, as amended, by and between LexisNexis Risk Solutions FL ("LN") and MyLife.com, Inc., or otherwise received or obtained from LN.

5.      Buyer is a good faith purchaser under 11 U.S.C. §363(m) and is entitled to the protections thereof.

6.      This Order, the APA, and the entire transaction thereunder shall be binding on any successor trustee, including any debtor-in-possession, or trustee appointed upon any conversion of this bankruptcy case.

7.      This Court hereby reserves jurisdiction to the fullest extent permitted under 28 U.S.C. § 1334 to: (i) interpret, enforce, and implement the terms and conditions of the APA and this Order, and (ii) resolve any disputes, controversies, or claims in any way arising out of or relating to this Order, the APA, or the transactions hereunder (including the terms described in Section II).

8.      The 14 day stay on enforcement of this order is waived pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure. Notwithstanding the requirement in Article X of the APA that the Closing (as defined in the APA) shall occur on a date which is at least fifteen (15) days after the entry of this Order, the Trustee and the Buyer shall be permitted to set the Closing as soon after entry of this Order as they may agree, subject to the terms of the APA.

**II.      Terms Regarding the USA and the Stipulated Order**

9.      The USA does not agree with the Motion's characterization of the Stipulated Order, that section 363(f) is applicable to it or can affect it, or that successorship can be determined in this

1    case pre-sale.  However, in light of the unique circumstances of this case and to preserve estate

2    resources, the USA does not object to the Motion due to inclusion of the terms of this Section II.  The

3    Trustee, Buyer, and the USA agree that this Order shall have no precedential effect in any other case

4    and it is not intended as agreement on the merits of the Motion or the USA's opposition thereto.

5            **A.    Terms Regarding Jeffrey Tinsley**

6            10.    Buyer shall not give Jeffrey Tinsley ("Tinsley") any ownership interest in the Buyer at

7    any time, nor shall Tinsley be allowed to serve on any board of directors.

8            11.    Buyer shall not employ Tinsley at any time, including, without limitation, and whether

9    paid or unpaid, as an officer, director, manager, employee, consultant, contractor, or volunteer.

10           12.    Buyer shall require as a condition of owning equity, serving as board member or

11    continued employment that all such persons/entities: (1) avoid communicating with Tinsley in any

12    capacity, at any time, regarding Buyer's business or operations, (2) disengage from any business

13    venture in which Tinsley is an equity owner or employee, or founded by Tinsley, and (3) never enter

14    into any business venture with Tinsley for the duration of their equity ownership, membership on a

15    board, or employment by Buyer.

16           13.    Buyer shall instruct all equity owners, board members, employees, consultants and

17    volunteers to ask Tinsley to refrain from contacting said persons/entities regarding Buyer's business

18    or operations should Tinsley do so or attempt to do so.

19           14.    Buyer shall not sell any assets it acquires in this sale transaction, or otherwise, to

20    Tinsley, any associate of Tinsley, or any entity directly or indirectly owned or controlled by Tinsley,

21    including, without limitation, domain names, intellectual property or customer lists.

22           **B.    Terms Regarding Compliance**

23           15.    Buyer shall comply with all applicable consumer protection laws, including, without

24    limitation, the Federal Trade Commission Act, Restore Online Shoppers Confidence Act,

25    Telemarketing Sales Rule, and Fair Credit Reporting Act.

26           16.    Buyer shall hire an attorney (from outside MyLife.com, Inc. and who has not

27    previously represented MyLife.com, Inc. or Tinsley) specializing in consumer protection law for

28    permanent advisory services.

1    17.    Buyer shall hire an attorney (from outside MyLife.com, Inc. and who has not

2  previously represented MyLife.com, Inc. or Tinsley) specializing in consumer protection law to

3  design and help implement training in consumer protection law compliance.  Successful completion

4  of such training shall be required of all employees, consultants and equity owners within three

5  months of the sale transaction closing.  Such training shall be successfully completed by all

6  employees, consultants and equity owners on an annual basis thereafter.

7    18.    Buyer shall hire a new compliance officer from outside MyLife.com, Inc. and who has

8  not previously been employed by or represented MyLife.com, Inc. or Tinsley. If Buyer at any time

9  employs any individuals in a compliance capacity (whether as employees, contractors, volunteers, or

10  otherwise) who are or previously were employed by MyLife.com, Inc., those individuals shall be

11  subordinate to and shall take direction from this new compliance officer.

12    19.    Buyer shall employ a CEO from outside MyLife.com, Inc. with an

13  employment/personal record indicating no consumer protection law violations or fraud.

14    20.    Buyer shall implement a PII and other applicable privacy policies to protect

15  consumers.

16    21.    Buyer shall clearly and conspicuously disclose all material terms of the services,

17  products and transactions it offers consumers (including any billing, renewal, cancellation, and refund

18  terms or policies).

19    **C.    Terms Regarding Monitoring**

20    22.    Buyer shall provide the USA, for two years following the sale transaction closing,

21  with an annual report, signed under penalty of perjury, regarding the status of Buyer's compliance

22  with the terms in this Section II. The report shall be provided to the following individual, or any other

23  individual as the USA may instruct Buyer in writing:

24

25    Zachary A. Dietert
    Assistant Director

26    Consumer Protection Branch
    U.S. Department of Justice, Civil Division

27    450 5th St NW, Suite 6400-S
    Washington, DC 20001

28    (202) 616-9027

zachary.a.dietert@usdoj.gov

23.     Before the USA requests any court take any action regarding non-compliance with, or a violation of, the terms of this Section II, the USA shall provide Buyer with written notice describing the alleged non-compliance or violation. Buyer shall have 30 days to cure such non-compliance or violation. Should a court of competent jurisdiction find that Buyer violated any of the above terms in Section II's subsections A and B (except for subsection B.15) and failed to cure that violation within 30 days of a written notice from the USA, then the Stipulated Order's Sections I-VI and IX-XV (except any provisions regarding the USA's monetary judgment or payments of same) and all of the Stipulated Order's terms as applicable to MyLife.com, Inc. shall spring back and bind Buyer as a successor/assign of MyLife.com, Inc.

24.     Notice to Buyer shall be sent by U.S. Mail or overnight courier, with a copy by email to:

Laura Bertin, Esq.
C&H | Cairncross & Hempelmann
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Email: LBertin@Cairncross.com
Fax: (206) 587-2308

with a copy to (which shall not constitute notice) given in a like manner to:

Arthur Greenberg, Esq.; Jeremy H. Rothstein, Esq.
G&B Law, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Email: agreenberg@gblawllp.com; jrothstein@gblawllp.com
Fax: (818) 986-6534

### III.     Tax Consequences

25.     The chapter 7 estate shall be responsible for the payment of all taxes arising from this sale transaction.

### IV.     Reservation of Rights of the USA

Notwithstanding anything in this Order, nothing in this Order shall (1) affect, modify or impair the USA's rights, claims and causes of action under federal law; or (2) require the USA to

1  provide written notice to Buyer before pursuing any investigation or action concerning a violation of

2  federal law.

3

4                                                    ###

5

6

7

   Approved to Form and content:

8

   Date: May 7, 2024

9

10

   _____
11
   LEAH V. LERMAN Civil Division U. S. Department of Justice,
12  Attorneys for United States of America

13  Date: May 7, 2024

14

15
   _____
16  JEREMY H. ROTHSTEIN, G&B LAW, LLP,
   Attorneys for Interested party Shilton Investments, Inc.
17

18  Date: May 7, 2024

19  _____
   BRADLEY E. BROOK,
20  LAW OFFICES OF BRADLEY E. BROOK, APC.
   Attorneys for LexisNexis Risk Solutions FL
21

22

23

24

25     Date: May 9, 2024

26                                   Vincent P. Zurzolo
                                     United States Bankruptcy Judge
27

28

1    provide written notice to Buyer before pursuing any investigation or action concerning a violation of

2    federal law.

3

4                                                      ###

5

6

7

     Approved to Form and content:
8

     Date: May 7, 2024
9

10

11   LEAH V. LERMAN Civil Division U. S. Department of Justice,
     Attorneys for United States of America
12

13   Date: May 7, 2024

14

15

16   JEREMY H. ROTHSTEIN, G&B LAW, LLP,
     Attorneys for Interested party Shilton Investments, Inc.
17

18
     Date: May 7, 2024
19

20

21   BRADLEY E. BROOK,
     LAW OFFICES OF BRADLEY E. BROOK, APC.
22   Attorneys for LexisNexis Risk Solutions FL

23

24

25

26

27

28

1    provide written notice to Buyer before pursuing any investigation or action concerning a violation of

2    federal law.

3

4                                                  ###

5

6

7

     Approved to Form and content:

8

     Date: May 7, 2024

9

10

11   LEAH V. LERMAN Civil Division U. S. Department of Justice,
     Attorneys for United States of America
12

13   Date: May 7, 2024

14

15

16   JEREMY H. ROTHSTEIN, G&B LAW, LLP,
     Attorneys for Interested party Shilton Investments, Inc.
17

18
     Date: May 7, 2024
19

20

21   BRADLEY E. BROOK,
     LAW OFFICES OF BRADLEY E. BROOK, APC.
22   Attorneys for LexisNexis Risk Solutions FL

23

24

25

26

27

28

1    provide written notice to Buyer before pursuing any investigation or action concerning a violation of

2    federal law.

3

4                                                    ###

5

6

7
     Approved to Form and content:
8
     Date: May 7, 2024
9

10

11   _____
     LEAH V. LERMAN Civil Division U. S. Department of Justice,
12   Attorneys for United States of America

13   Date: May 7, 2024

14

15

16   _____
     JEREMY H. ROTHSTEIN, G&B LAW, LLP,
     Attorneys for Interested party Shilton Investments, Inc.
17

18
     Date: May 7, 2024
19

20

21   _____
     BRADLEY E. BROOK,
     LAW OFFICES OF BRADLEY E. BROOK, APC.
22   Attorneys for LexisNexis Risk Solutions FL

23

24

25

26

27

28